68  231
73  233

CHILDS and another, Respondents, vs. THE HARRIS MANU-
FACTURING COMPANY, Appellant.

*February 1 — March 1, 1887.*

*Joinder of causes of action: Judgment is a " contract."*

A judgment for the payment of money only is a *contract* within the
meaning of subd. 2, sec. 2647, R. S., authorizing the joinder of
several causes of action when they arise out of contract, express or
implied.

APPEAL from the Circuit Court for *Rock* County.

The case is stated in the opinion.

*Wm. Ruger*, for the appellant.

For the respondents there was a brief by *Dunwiddie &
Goldin*, and oral argument by *Mr. Dunwiddie.* They cited,
besides authorities cited in the opinion: *Union C. M. Co. v.
Lobdell*, 13 Johns. 462; *Stuart v. Lander*, 16 Cal. 373; *Morse
v. Tappan*, 3 Gray, 411; *McGuire v. Gallagher*, 2 Sandf.
402; *Mandis v. Terrell*, 22 Miss. 327; *Tillotson v. Stipp*, 1
Black, 77; Id. 102; *Hogsett v. Ellis*, 17 Mich. 351; 6 How.
Pr. 381.

TAYLOR, J. The respondents brought an action in the
circuit court against the appellant, and in their complaint
set up two separate causes of action,— one upon a judgment
rendered in favor of the respondents and against the appel-
lant in an action pending in the supreme court of the state
of New York, for the sum of $3,288.60 damages and costs;
and the other to recover damages for the breach of an ex-
press contract. The defendant demurred to the complaint
on the ground that the causes of action were improperly
joined. The circuit court overruled the demurrer, and from
the order overruling such demurrer the defendant appealed
to this court.

The only question to be determined upon this appeal is
whether a judgment for the payment of money only is evi-

dence of a contract, either express or implied, on the part of the person against whom the judgment is rendered, to pay the amount of the judgment to the person in whose favor the same is rendered, within the meaning of subd. 2, sec. 2647, R. S. This subdivision reads as follows: "The plaintiff may unite in the same complaint several causes of action, whether they be such as were formerly denominated legal or equitable, or both, when they arise out of . . . (2) contract express or implied." The learned counsel for the appellant contends that a judgment is neither a contract express or implied, within the meaning of said section.

When we consider the object of sec. 2647, we think it very clear that the legislature intended to use the word "contract" in said subdivision in its largest sense, and not in a restricted sense. The object of the section as a whole is to classify causes of action with reference to their joinder in one and the same action; and it attempts to give general rules for the joinder or non-joinder of all actions. We must take it for granted that the legislature knew that actions upon judgments were a common class of actions, and that the legislature contemplated that it had made provision in said section for the classification of such actions. Unless an action upon a judgment is an action upon contract, express or implied, within the meaning of said subd. 2, then actions upon judgments are not included within any of the provisions of said section, and are entirely unprovided for by the legislative classification. In this view of the subject, notwithstanding the fact that in other parts of the statutes, and for other purposes, the legislature seems to have made a distinction between contracts and judgments, that fact furnishes no good reason for holding that, in said sec. 2647, the word "contract" was not intended to be used in its larger meaning, so as to cover a case of a judgment for the payment of money.

Judgments have always been classed by writers upon

elementary law as contracts, and the writers on code practice have always taken it for granted that they were contracts within the meaning of the statute which declares that actions upon contracts, express or implied, may be joined in the same action.    See 2 Bl. Comm. 465; Chit. Cont. 112; Story, Cont. 2; 1 Pars. Cont. 4–8; Van Santv. Pl. (Moak's 3d ed.), 104; 2 Wait, Pr. 365.    See, also, *Barnes v. Smith*, 16 Abb. Pr. 420; *Mahaney v. Penman*, 4 Duer, 603; and the cases cited in the brief of the learned counsel for the respondents.

A judgment for the payment of money, rendered by a court which has jurisdiction of the persons of the parties and the subject matter of the action, is conclusive evidence in all places that the party against whom the judgment is rendered is indebted in the amount of the judgment to the party in whose favor it is rendered, and consequently there is an implied promise on the part of the judgment debtor to pay the amount to the party in whose favor the judgment is so rendered.

This court, as well as the courts of New York, has held that under the Code an action for money had and received may be united with a cause of action upon an express contract, even where such action for money had and received arises out of a fraud or other wrong committed by the defendant, and that such action for money had and received is an action upon contract, within the meaning of the law for joinder of causes of action.    See *Freer v. Denton*, 61 N. Y. 492; *Hawk v. Thorn*, 54 Barb. 164.    If such actions for money had and received may be joined with an action upon an express contract, on the ground that in such cases the law implies a promise to pay the money so fraudulently obtained, there does not seem to be any objection to the joinder of an action upon a judgment and an action upon an express contract, as in the case of the judgment the implied promise to pay the same is conclusively proved by the production of the record.

We are strongly inclined to believe that the want of any very direct authorities upon this question arises out of the general understanding of the bar that under the statute it has been taken for granted that a judgment is a *contract*, within the meaning of the statute classifying the causes of action which may be joined, rather than from the lack of a disposition on the part of the profession to contest all doubtful questions of practice.

*By the Court.*— The order of the circuit court is affirmed.