(*Municipal Court of Chicago.*)

## Rose Chudnovski

### vs.

## James H. Eckels, et al., Receivers of Chicago Union Traction C

(1907.)

1. MUNICIPAL COURT ACT—JURISDICTION OVER ACTIONS BROUGHT ON CONTRACT, FOR PERSONAL INJURIES. Under section 2 of the Municipal Court Act giving jurisdiction to the municipal court in "all actions on contracts, express or implied," *held*, there being

nothing in the Municipal Court Act to show that the legislature used these words in any other than their common legal accepted sense, that the municipal court has jurisdiction over actions brought on contract for personal injuries.

2. CONSTITUTIONAL LAW—CLASS LEGISLATION. The provision of the Municipal Court Act giving jurisdiction to the municipal court over actions on contracts express or implied, when construed as giving jurisdiction over actions for personal injuries based on contract relations, is constitutional, and is not class legislation.

3. ACTIONS FOR PERSONAL INJURIES—JURISDICTION OF MUNICIPAL COURT OF CHICAGO. Plaintiff brought an action of *assumpsit*, setting up in the declaration that the plaintiff became a passenger on one of the street cars of the defendant, and further setting up an implied contract to safely carry the plaintiff, and the breach of such contract on the part of the defendant by negligently managing another car on another line so that it collided with the car upon which the plaintiff was riding, whereby the plaintiff was injured. Upon general and special demurrers to the declaration, *held* that the municipal court of Chicago had jurisdiction.

Action of assumpsit. Municipal court of Chicago. Heard upon general and special demurrers to the declaration before Judge Dicker.

The facts are stated in the opinion of the court.

DICKER, J.:—

This is an action in assumpsit. The declaration sets up that the defendants were engaged in operating a street railroad in the city of Chicago.

That the plaintiff became a passenger on one of its cars, and further sets up an implied contract to safely carry the plaintiff, and breach of said contract on the part of the defendant by negligently managing another car on another line, so that it collided with the car upon which plaintiff was riding, and the plaintiff was thereby injured, alleging damages of $10,000.

General and special demurrers were filed to the declaration, on the ground that this court has no jurisdiction of the subject matter, as set forth in the declaration.

Section 2 of the Municipal Court Act provides, in part, as follows:

"That said Municipal Court shall have jurisdiction within the city of Chicago in the following cases: 1. All actions on contracts, express or implied, when the amount claimed by the plaintiff exceeds one thousand dollars ($1,000), and all actions for the recovery of personal property, or for the recovery of damages for the conversion of and injury to personal property, when the value of the property, or the amount of damages sought to be recovered as claimed by the plaintiff exceeds one thousand dollars ($1,000), and which, for convenience, will be hereinafter referred to and designated as cases of the first class—."

It has been repeatedly held in this state, and it is conceded by the defendants, that there is a contract between the passenger who pays his fare and a carrier, and that an action in assumpsit will lie for the breach of such contract, and that there is no question but that the declaration filed in this case states a cause of action in contract against a carrier, although it states it more fully than is required.

It is contended, however, that the words "contracts, express or implied," as used in this statute, and other statutes of the state of Illinois, do not include, and were not intended by the legislature to include cases of this nature.

"In order to ascertain the legislative intention, the primary rule is that a statute is to receive that meaning which the ordinary reading of its language warrants, words not technical being taken in their ordinary familiar acceptation, with regard to their general and popular use; and the meaning thus arrived at must be adopted when it involves no absurdity, if from a view of the whole law and other laws in *pari materia,* no different legislative intent is apparent.

If the language is clear, and admits but one meaning, the legislature should be intended to mean what it has plainly expressed, and there is no room for construction." 26 Am. & Eng. Ency. of Law, 598.

"The principle just stated includes implicitly the further

rule that it is the duty of the court neither to add anything to nor to take anything from a statute, unless good grounds appear for thinking, that the legislature intended something which it has failed precisely to express.

·''Thus an exception out of the general provisions of the statute will never be implied in favor of particular persons or cases unless they are expressly mentioned; for general words in a statute must receive a general construction, unless there is something in it to restrain them.'' 26 Am. & Eng. Ency. of Law, 600, 601.

Our own supreme court says, in *C., M. & St. P. R. R. v. Dumser,* 109 Ill. 402, 410: ''Where a statute is expressed in clear and precise terms, where the sense is manifest, and leads to nothing absurd, or where its provisions, if literally applied, would work no palpable injustice, nor contravene any imperative public exigency, there can be no reason not to adopt the sense it naturally presents In such case there can be no necessity for restricting its operation, and the statute should be enforced as it is plainly written.''

The jurisdiction conferred upon the municipal court in civil cases may be properly divided into three general classes. ''First. All those classes of suits and proceedings, whether civil or quasi-criminal, of which justices of the peace are now given jurisdiction by law * * * when the amount sought to be recovered, whether by way of damages, penalty or otherwise, if the suit or proceeding be for the recovery of money only, or the value of the personal property claimed, if the suit or proceeding be brought for the recovery of personal property, does not exceed one thousand dollars. * * *

''All other suits at law, for the recovery of money only, when the amount claimed does not exceed one thousand dollars.''

As to this class of cases, there are no written pleadings, except as expressly provided for in the statute, and an examination of the statute will show thot it was expected or intended that the cases should have speedy hearing and be promptly disposed of, with as little technicality and formality as possible.

The second class of cases are those transferred from the circuit and superior courts of Cook county.

The third class are those provided for by the first paragraph of section 2 of the act above quoted.

An examination of the act shows that in the disposition of this latter class of cases common law pleadings and practice prevail. Therefore all suits brought under this section of the act must be brought under some of the forms of action known to common law, and in framing the section it will be presumed that the legislature had this in view.

At p. 97, vol. 1, of Chitty on Pleading, it is stated: "Personal actions are in form *ex contractu* or *ex delicto,* or, in other words, are for a breach of *contract,* or for *wrongs* unconnected with contract." Considering this section, therefore, in view of the subsequent provisions of the statute regarding the pleadings and practice in suits under this section, and in view of the well-known rules of common law in relation to pleading and practice, there appears to have been conferred on the municipal court jurisdiction in all cases for breach of contract, express or implied; or, in other words, actions *ex contractu* and certain actions *ex delicto,* namely, replevin, trover, and actions on the case for injury to personal property.

There is nothing in the statute itself to justify the assumption that the legislature intended any narrower interpretation of the words "contracts, express or implied," than is above set forth. Where the same words are used in the Practice Act, section 37, providing for affidavit of claim and affidavit of merits the words "contracts express or implied" are modified and limited by the words immediately following: "for the payment of money," and the same modification appears in section 38 of the Justice Act.

Subdivision 2 of section 2647, Revised Statutes of Wisconsin, provides: "The plaintiff may unite in the same complaint several causes of action, whether they be such as were formerly denominated legal or equitable, or both, when they arise out of * * * (2) contract, express or implied."

In the case of *Childs v. Harris Mfg. Co.,* 32 N. W. 43, 68

Wis. 231, the supreme court of Wisconsin held that the words "contract, express or implied" in that statute would include a judgment. In the case of *Umlauf v. Umlauf,* 103 Ill. 651, 654, our supreme court, in construing the act relating to appeals' from the appellate to the supreme court, says:

"The term 'contract' in its popular signification, is generally limited to actual agreements between determinate contracting parties, but in law it has a much more extended signification. There are many duties and obligations growing out of certain relations which are regarded by the law as species of contracts, where it is clear there never was any actual agreement between the parties to such relations. Hence it is said by Mr. Bishop, in defining a contract, that—'a contract is a promise from one to another, either made in fact, *or created by law,* either to do, or refrain—etc.'" Bishop on Contracts, secs. 1, 5, 72.

There being nothing in the act, therefore, to show that the legislature in this section used the words "contracts, express or implied," in any other than their common, legal accepted sense, I am of the opinion that the municipal court acquired thereby jurisdiction in all cases *ex contractu,* and that the case at bar is within the purview of the act.

It is further contended by the defendant that, if the intention of the legislature be construed to be that actions may be brought on contract for personal injuries under class 1, then it is submitted that so much of the section as is comprised under the heading "Class 1" is unconstitutional and a denial of equal rights, privileges and immunities to each citizen. Article 4, section 2 of the constitution of the state is violated, because this would be class legislation, and the fourteenth amendment to the federal constitution is violated because there is denied the equal privilege and immunity to every citizen of the United States residing within the state of Illinois.

I do not consider this contention well taken, and it is not substantiated by any of the cases cited, all of which are based upon the view of the court that the acts passed upon were de-

signed to discriminate in favor of or against certain classes of persons.

Here the distinction between the cases that can be brought and those that cannot be brought is based on well-known principles of the common law. If it is not competent for the legislature, in fixing the jurisdiction of courts of limited jurisdiction, to make such classification according to well-known forms of actions and with reference to the remedies sought, then it could be as well claimed that the Justice Act is unconstitutional because certain classes of suits where less than $200 is involved can be brought in such courts, while other claims, in which like amounts are involved, cannot be brought because the form of remedy required is different, and that the act conferring common law jurisdiction in the county court is class legislation because it does not include cases involving less than $1,000 where an equitable remedy is sought.

There is no reason apparent why it is not as competent for the legislature, in the municipal court act, to have given jurisdiction in cases based on contracts and to withhold it in cases based on torts than it is to have conferred upon the court jurisdiction in cases of law and withheld it in cases in equity.

By the amendment to the constitution of 1904 the general assembly was authorized to create a municipal court in the city of Chicago, and to fix the jurisdiction and practice, and in pursuance to that amendment the present court was created and its jurisdiction fixed by general classification applicable alike to all classes of people residing and found within its jurisdiction, and this provision can in no sense be held to be class legislation.

The demurrer of the defendant will therefore be overruled.

### NOTE.

The foregoing decision was affirmed by the supreme court of Illinois in February, 1908.—Ed.