ESTATE OF ZELLMER: ZELLMER, Claimant, Respondent, vs.
SHARLEIN, Executrix, Appellant.

*April 12—May 7, 1957.*

48

For the appellant there were briefs and oral argument by *Charles B. Avery* of Antigo.

For the respondent there was a brief and oral argument by *Gustav Winter* of Antigo.

CURRIE, J.   Counsel for the claimant maintains that the agreement embodied in the divorce decree, whereby Dr. Zellmer promised to pay when due the premiums on the $5,000 policy, constituted a contract for the benefit of a third

person, viz., the claimant Winifred Zellmer. We agree with this contention.

As we view it, we are confronted on this appeal by the following two issues:

(1) Was there such impossibility of performance at the time the divorce decree was entered as to render such contract void and unenforceable?

(2) If such first issue is resolved in the negative, is claimant's claim barred by the statute of limitations?

As to the first issue the governing principle of law is stated in Restatement, 2 Contracts, p. 847, sec. 456, as follows:

"Except as stated in sec. 455, or where a contrary intention is manifested, a promise imposes no duty if performance of the promise is impossible because of facts existing when the promise is made *of which the promisor neither knows nor has reason to know.*" (Italics supplied.)

Sec. 455 referred to in the foregoing quotation covers the subjective type of impossibility wholly due to inability of the individual promisor to perform. That is not this case, so the exception noted as to it may be ignored. However, the stated requirement, that, in order for impossibility to void any duty to perform, the promisor must neither have known, nor had reason to know, of such impossibility when he made his promise, goes to the very heart of the instant case.

There is no evidence that Dr. Zellmer actually knew that the $5,000 policy, payable to his daughter, Winifred, as beneficiary, had lapsed at the time he undertook in 1942 to continue to pay the premiums thereon when due. However, if he did not know this, there is every reason why he should because the policy was at all times in his possession. We have no hesitancy in holding that it was his duty to know of such lapse.

We have been unable to find any Wisconsin cases directly in point on the issue being considered. However, we con-

sider the recent case of *McRae v. Commonwealth Disposals Comm.* (1951), 84 Commonwealth Law Rep. 377, decided by the high court of Australia, to be particularly pertinent. During World War II a considerable number of ships became wrecked or stranded in the waters adjacent to New Guinea. After the war the defendant commission had the function of disposing of these as it saw fit. The commission advertised for sale "an oil tanker on Jourmaund Reef approximately 100 miles north of Samarai [New Guinea]." The plaintiffs tendered a bid for the purchase of such tanker that was accepted by the commission which resulted in a contract for the sale of the vessel to the plaintiffs. The fact was that there was no ship answering the description of the tanker, as advertised, lying near the location indicated nor had there been one there. The court held that the commission had been "guilty of the grossest negligence" in advertising for sale a ship that did not exist, and declared (p. 410) :

". . . then the commission cannot in this case rely on any mistake as avoiding the contract, because any mistake was induced by the serious fault of their own servants, who asserted the existence of a tanker recklessly and without any reasonable ground. There *was* a contract, and the commission contracted that a tanker existed in the position specified. Since there was no such tanker, there has been a breach of contract, and the plaintiffs are entitled to damages for that breach."

The Australian court grounded its decision on interpretation of the contract rather than inapplicability of any principle of impossibility of performance due to mistake induced by negligence. The gist of its holding was that "the only proper construction of the contract is that it included a promise by the commission that there was a tanker in the position specified."

A keenly analytical commentary on *McRae v. Commonwealth Disposals Comm., supra,* appears in the form of a

note in 15 Modern Law Review (1952), 229, an English legal publication, which note is entitled, "Common Mistake." The note quotes Restatement, 2 Contracts, p. 847, sec. 456, which makes liability of the promisor in cases like the instant one depend on whether he *had reason to know* of the non-existence of the fact which makes performance impossible. The author of the note prefers the rationale of the Australian court in *McRae v. Commonwealth Disposals Comm.* under which liability is made to depend upon an interpretation of the contract to determine what the promisor actually promised. This also seems to be the view expressed in 5 Williston, Contracts (rev. ed.), p. 4364, sec. 1559, and 3 Corbin, Contracts, p. 372, sec. 600.

To interpret the instant contract as containing a promise by Dr. Zellmer that the policy in question was in force and effect at the time of entering into the stipulation is to invoke a legal fiction. This is because there is nothing in the record to indicate that such was his intention. We doubt the policy of invoking such fiction in order to impose liability on a promisor who, due to mistake, has innocently and without fault undertaken to perform the impossible. Therefore, we prefer to ground our decision in the instant case squarely upon the principle enunciated in Restatement, 2 Contracts, p. 847, sec. 456, *supra*. A promisor should not be excused from responding in damages for breach of contract on the ground of impossibility of performance due to mistake in a situation, where due to his own negligence, he had failed to discover at the time of entering into the contract the non-existence of the fact or thing which made performance by him impossible. It is on this basis that we determine that Dr. Zellmer's estate must be held liable to the claimant.

There would seem to be no question but that the proper amount of the claimant daughter's damages is the sum of $5,000, the face amount of the policy, because that is what

she would have received upon the death of Dr. Zellmer, if he had fulfilled his promise.

We turn now to the remaining issue of whether the claim is barred by the statute of limitations. Assuming that the contract was breached when made in 1942, less than thirteen years had elapsed thereafter when Dr. Zellmer died. Counsel for the executrix mistakenly assumes that the six-year statute of limitations applies. However, the stipulation was embodied verbatim in the divorce decree and became a part of the same. We are satisfied that the twenty-year statute of limitations set forth in sec. 330.16 (1), Stats., with respect to judgments of all courts of record of this state is the applicable statute. There is, therefore, no merit to the contention that the claim is barred by the statute of limitations.

*By the Court.*—Judgment affirmed.