SCHAFER, Appellant, v. WEGNER, Respondent.

*No. 75-431. Argued May 3, 1977.—Decided June 1, 1977.*
(Also reported in 254 N.W.2d 193.)

For the appellant there was a brief by *Jordan B. Reich* and *Kohner, Mann & Kailas*, and oral argument by *Mr. Reich*.

For the respondent there was a brief and oral argument by *John P. Buckley* of Waukesha.

BEILFUSS, C. J.    The controlling issues involve the statute of limitations and the defense of laches.

The trial court, in its memorandum decision on the defendant's motion for summary judgment, described the background of this litigation as follows:

"It appears that Mr. and Mrs. Schafer were married on June 16, 1927, and four children were born of that marriage.  As previously stated the plaintiff, Anne B.

Schafer, commenced the divorce action against Michael E. Schafer in the year 1955. In the succeeding twenty years, up to this date, there were numerous court appearances upon motions and orders to show cause; two Supreme Court appeals; at least eleven attorneys represented the plaintiff from time to time over that period; three County Court Judges and two Circuit Court Judges have had occasion to review the various disputes over the years; and two Supreme Courts have had occasion to have the matter before them. In the interim Mr. Schafer has died, several of the attorneys have passed on to their reward and an entire Supreme Court has been replaced."

In June, 1957, Anne B. Schafer (hereinafter appellant) was granted a divorce from Michael E. Schafer. The judgment was modified in 1959. The judgment awarded the family homestead to Michael Schafer. The appellant was awarded $5,000 as a property settlement and $50 per month alimony. The appellant was also given the option of taking household furniture, valued at $750, and have this offset against the property settlement.

The appellant failed to vacate the family premises and was removed pursuant to a writ of assistance in May, 1960.

This action was commenced on December 7, 1973. The complaint was amended on March 14, 1974. The appellant sought to recover the household furnishings awarded to her in the divorce judgment and sought an equitable lien on the real property awarded to Mr. Schafer. It was alleged that the property was fraudulently conveyed to the daughter of Anne and Michael Schafer, Grace Anne Wegner, the respondent in this case. Mr. Schafer died before this action was commenced.

Summary judgment in favor of the respondent was granted on September 10, 1975.

A fuller statement of the factual background concerning the property settlement is set forth in *Schafer v. Schafer*, 3 Wis.2d 166, 87 N.W.2d 803 (1958). The case

was before this court again in *Schafer v. Schafer,* 9 Wis.2d 502, 101 N.W.2d 780 (1960). The issue there concerned the value of Michael Schafer's interest in a retirement fund. Further facts concerning this appeal will be set forth below.

The trial court granted summary judgment on the claim for personal property because it believed that sec. 893.19 (6), Stats.,[1] was the applicable statute of limitations. This section provides that the statute of limitations for actions to recover personal property or damages for the wrongful taking or detention of the property is six years. The appellant, arguing that the applicable statute of limitations is sec. 893.16(1),[2] contends that the court erred in relying on sec. 893.19 (6). Sec. 893.16 (1) provides that the statute of limitations for an action upon a judgment of any court of this state is twenty years.

In *Estate of Zellmer,* 1 Wis.2d 46, 52, 82 N.W.2d 891 (1957), a daughter of the parties to a divorce made a claim on the estate of her father, Dr. Zellmer, pursuant to a stipulation embodied in the divorce decree. It was argued that the statute of limitations was six years and therefore prevented her claim. This court noted that the stipulation was embodied in the divorce decree and held that it became a part of the divorce judgment. The twenty-year statute of limitations with respect to all judgments of courts of record of this state was held to apply and the trial court's allowance of the claim was af-

---

[1] "893.19 *Within 6 years:* . . .

". . .

"(6) An action to recover personal property or damages for the wrongful taking or detention thereof."

[2] "893.16 *Within 20 years.* Within 20 years:

"(1) An action upon a judgment or decree of any court of record of this state or of the United States sitting within this state."

firmed. The same can be said of this case. The household furniture was awarded to the appellant in the divorce decree and the statute of limitations concerning actions based on that award is twenty years.

Although the trial court applied the wrong statute of limitations, it does not follow that the grant of summary judgment was inappropriate. Although neither party has argued that laches does or does not apply, the defense is raised in the answer of the respondent. We believe this equitable doctrine should control. In *Sheldon v. Rockwell*, 9 Wis. 158 (*166), 162 (*181) (1859), it was stated:

"The court lends its aid only to the vigilant, active, and faithful. This tardy application must be regarded as made in bad faith. After his gross and unparalleled negligence, the plaintiff can have no standing in court for the purpose of asking the relief here sought. Unreasonable delay, and mere lapse of time, independently of any statute of limitations, constitute a defense in a court of equity. This doctrine is very ancient, and established by a great number of decisions."

In *Schneider Fuel v. West Allis State Bank*, 70 Wis.2d 1041, 1053, 236 N.W.2d 266 (1975), the court held "[t]o successfully assert the defense of laches it must be established that there exists: '(1) unreasonable delay, (2) lack of knowledge on the part of the party asserting the defense that the other party would assert the right on which he bases his suit, and (3) prejudice to the party asserting the defense in the event the action is maintained.'"

Here the delay was unreasonable. The appellant, in a cause of action based upon the original divorce judgment, seeks possession of household furniture and furnishings awarded to her on June 13, 1957. Subsequent to the divorce judgment the court, on June 20, 1960,

entered an order that provided the appellant was entitled to remove the household furniture from the residence of Mr. Schafer at any time provided that she gave three days' notice. On May 18, 1962, Mr. Schafer sent a letter to the appellant's attorney demanding that the appellant remove the furniture within thirty days. After the 1960 order the record is barren of any steps taken by the appellant to have the furniture removed until this action was commenced in December of 1973.

Mr. Schafer and his daughter, the respondent, were entitled to presume that the appellant did not want the furniture. If she wanted it she would have made an effort to have it removed within a reasonable time after the demand was made. Thus it may be said that the respondent had no knowledge that the appellant would assert the right on which she bases her suit.

Finally, it must be shown that the respondent is prejudiced by this action. The claim for the furnishings came over sixteen years after the divorce judgment. In sixteen years the furniture could have been destroyed or worn out. If it was used for sixteen years it was most likely greatly reduced in value. Allowing a recovery for the value of the furnishings at the time of the divorce or requiring the respondent to replace them is inequitable. Prejudice, as a matter of law, is demonstrated. The defense of laches is appropriate, the motion for summary judgment on the cause of action for recovery of the furniture pursuant to the original divorce judgment was properly granted.

In her second cause of action the appellant sought an equitable lien against real property which had been awarded to Mr. Schafer in the divorce judgment; it is now owned by the respondent. The divorce judgment granted the appellant alimony, but Mr. Schafer did not fully comply with the award. The appellant sought en-

forcement of this award and in September, 1963, obtained a judgment against Mr. Schafer for $2,100. $1,500 was the balance due on the division of the estate and $600 was alimony arrearage through August, 1963. Subsequently she was awarded another judgment for alimony arrearage in the amount of $12,051. This judgment was for the period from September, 1963 to August, 1970. We were informed at oral argument the first judgment has been satisfied and the second has not.

In her answer the respondent pled the statute of limitations as an affirmative defense. When fraud is the gravamen of the action, as it is here, the six-year limitations contained in sec. 893.19(7), Stats., is the controlling statute of limitations.[3] A cause of action based on fraud must be commenced within six years of the discovery of the fraud. In 1963 the appellant became aware of the conveyance she alleges was fraudulent. This action was not commenced until 1973.

"A statute of limitations bars good causes as well as bad ones and its application, unless the defendant's fraudulent conduct has prevented timely discovery of the wrong, has nothing to do with the equities of the suit. A statute of limitations is the expression of legislative policy that claims and controversies, whatever their merit, if not litigated promptly, be laid to rest forever." *Gamma Tau Educational Foundation v. Ohio Casualty Ins. Co.*, 41 Wis.2d 675, 683, 165 N.W.2d 135 (1969).

In Wisconsin, unlike many states, the running of the statute of limitations extinguishes the right as well as the remedy; if the statute has run, the cause of action no longer exists.[4]

---

[3] *Gamma Tau Educational Foundation v. Ohio Casualty Ins. Co.*, 41 Wis.2d 675, 681, 165 N.W.2d 135 (1969).

[4] *Johnson v. Heintz*, 73 Wis.2d 286, 299, 243 N.W.2d 815 (1976); *Haase v. Sawicki*, 20 Wis.2d 308, 311, 121 N.W.2d 876 (1963).

It should be noted that the appellant previously commenced an action to set aside the conveyance she alleges was fraudulent. Normally, commencement of action tolls the statute of limitations, and a subsequent dismissal does not eliminate the tolling of the statute.[5] Here the appellant's initial action to prevent the transfer was dismissed, the circuit court holding that it lacked jurisdiction to determine the matter. No appeal from that decision was taken. There is an exception to the rule that commencing an action tolls the statute. If an action is commenced "in a court which completely lacks jurisdiction and then after the statute of limitations has run [it is] refile[d] in the proper court, the statute of limitations was not tolled by the first improper filing." *Heifetz v. Johnson*, 61 Wis.2d 111, 117, 211 N.W.2d 834 (1973). The six-year statute of limitations barred the appellant's second cause of action.

Even if the statute of limitations did not bar this second cause of action, laches would. In *Cooch v. Grier*, 30 Del. Ch. 255, 59 A.2d 282 (1948),[6] a judgment creditor brought an action to set aside an alleged fraudulent conveyance. It was alleged that on the eve of a jury trial the judgment debtor had transferred real estate to his father without fair or valuable consideration and that this transfer was made for the purpose of removing a valuable asset from the reach of the judgment. The action to set aside the conveyance was commenced over fifteen years after the conveyance. In the interim the grantee had died. The court noted that the grantee could

[5] *McKissick v. Schroeder*, 70 Wis.2d 825, 830–31, 235 N.W.2d 686 (1975).

[6] *Accord: Somers v. Spaulding*, 229 Iowa 432, 294 N.W. 610 (1940); *See generally*, Annot., *When Statute of Limitations or Laches Commences to Run Against Action to Set Aside Fraudulent Conveyance or Transfer in Fraud of Creditors*, 100 A.L.R. 2d 1094 (1965).

have demonstrated that the conveyance was not fraudulent but the untimeliness of the action prevented this. 30 Del. Ch. at 268. The court held that laches prevented the debtor from proceeding.

The facts of this case are similar. The grantor is dead. He transferred the property in 1963 and this action was not commenced until 1973. If the action had been timely pursued the grantor would have been able to testify concerning the transfer and the allegation that it was made with intent to defraud creditors.

The delay was unreasonable, the respondent was entitled to presume that the appellant did not intend to assert the right on which she bases this suit and the respondent was prejudiced by the death of the grantor; his testimony concerning the transfer would have been relevant.

This action was properly terminated by summary judgment.

*By the Court.*—Judgment affirmed.