Megan KROEGER, Plaintiff-Appellant,

v.

Robert W. KROEGER, Defendant-Respondent.†

Court of Appeals

*No. 83–046. Submitted on briefs December 12, 1983.—*
*Decided June 7, 1984.*
(Also reported in 353 N.W.2d 60.)

† Petition to review denied.

 

For the plaintiff-appellant the cause was submitted on the briefs of *Donald E. Carroll* and *Diane L. Mader,* and *Schuster & Carroll,* Madison.

For the defendant-respondent the cause was submitted on the brief of *William T. Henderson* and *Collins & Henderson,* Beloit.

Before Gartzke, P.J., Dykman, J., and Gordon Myse, Reserve Judge.

GARTZKE, P.J. Appellant Megan Kroeger, as her mother's assignee, brought an action against her father, Robert Kroeger, for child support arrearages.[1] The trial court dismissed the complaint on the ground that the action is barred by sec. 893.43, Stats., the six-year statute of limitation for an action on a contract. The issue is whether an independent action for child support arrearages, brought after the child reaches majority, is governed by the twenty-year limitation relating to judgments, the six-year limitation relating to contracts or the six-year limitation relating to other liabilities created by statute. We conclude that the action is governed by the twenty-year statute of limitation on judgments in effect in 1973 and therefore reverse.

Megan's complaint alleges that her parents were divorced July 11, 1958. The judgment required Megan's father to pay her mother $50.00 per month to support Megan. He paid a total of $25.00. Megan reached age eighteen June 12, 1973. The mother assigned her claim against the father to Megan. She commenced this action May 4, 1982. The father moved to dismiss on grounds that the action was barred by the statute of limitation.

---

[1] The supreme court denied respondent's petition for bypass.

Relying on *Halmu v. Halmu*, 247 Wis. 124, 19 N.W.2d 317 (1945), the trial court concluded that sec. 893.40, Stats.,[2] the twenty-year statute of limitation on judgments, did not apply because an independent action to collect child support arrearages is one on a "debt upon a record." The trial court held that the six-year limitation applicable to contracts, sec. 893.43, Stats., applied because it governs obligations of contract and other liabilities, express or implied, which would include debt. In the alternative the court held the six-year limitation on other liabilities created by statute, sec. 893.93 (1) (a), would govern.

■

The application of a statute of limitation to the facts alleged in the complaint is a question of law. *Segall v. Hurwitz*, 114 Wis. 2d 471, 476, 339 N.W.2d 333, 336 (Ct. App. 1983). We need not defer to a trial court's decision on an issue of law. *Engineers & Scientists v. Milwaukee*, 38 Wis. 2d 550, 554, 157 N.W.2d 572, 574 (1968).

■

An independent action for a money judgment for child support arrearages cannot be brought until the child attains majority. *Halmu*, 247 Wis. at 134, 19 N.W. 2d at 321. The reason for the rule is that while the child is a minor, support may be revised, but when the child attains majority, the amount payable is "fixed and beyond the control of the court" and the total due can be computed. *Halmu*, 247 Wis. at 136, 19 N.W. 2d at 322.

Finding it necessary to determine the nature of the independent action before deciding if it was barred,

[2] Section 893.40, Stats., provides: "An action upon a judgment or decree of a court of record of any state or of the United States shall be commenced within 20 years after the judgment or decree is entered or be barred."

the *Halmu* court said, "We hold that it is an action which at common law would be denominated one of debt upon a record." *Halmu,* 247 Wis. at 135, 19 N.W.2d at 321. The court did so because at common law, an action on a judgment was an action for debt. The case law on which the court relied had to be read with that understanding. For example, the *Halmu* court described *Barber v. Barber,* 2 Pin. 297 (Wis. 1849), as holding that "debt cannot be brought upon a decree for alimony unless the decree has the same force as a judgment at law." 247 Wis. at 135, 19 N.W.2d at 321–22.

The thought that an action on a judgment is one for debt may jar our procedural sensibilities but not those of our predecessors. In *Childs v. The Harris Mfg. Co.,* 68 Wis. 231, 232–33, 32 N.W. 43, 43 (1887), the court said, "Judgments have always been classed by writers upon elementary law as contracts . . . ," citing Blackstone, among others. Blackstone defines debt of record as:

[A] sum of money which appears to be due by the evidence of a court of record. Thus, when any specific sum is adjudged to be due from the defendant to the plaintiff, on an action or suit at law, this is a contract of the highest nature, being established by the sentence of a court of judicature. 2 W. Blackstone, *Commentaries on the Laws of England* *465.

Probably as a gloss on Blackstone and other writers, the *Childs* court said:

A judgment for the payment of money . . . is conclusive evidence in all places that the party against whom the judgment is rendered is indebted in the amount of the judgment to the party in whose favor it is rendered, and consequently there is an implied promise on the part of the judgment debtor to pay the amount to the party in whose favor the judgment is so rendered. *Childs,* 68 Wis. at 233, 32 N.W. at 44.

Accordingly, when the *Halmu* court held that an independent action for child support arrearages was at common law an action for a debt upon a record, the court meant that the action could be brought on the divorce judgment. We therefore conclude that the right of Megan's mother to bring an independent action for support arrearages is governed by the statute of limitation applicable to an action on a judgment. As the assignee of her mother's claim, Megan has the same rights as her mother. *Callies v. Reliance Laundry Co.*, 188 Wis. 376, 381, 206 N.W. 198, 200 (1925).

Our decision is consistent with *Schafer v. Wegner*, 78 Wis. 2d 127, 254 N.W.2d 193 (1977), in which plaintiff brought an action to recover household furniture awarded to her under a divorce judgment. Relying on *Estate of Zellmer*, 1 Wis. 2d 46, 82 N.W.2d 891 (1957), the court applied the twenty-year limitation applicable to judgments rather than the limitation for recovery of personal property. *Schafer*, 78 Wis. 2d at 131–32, 254 N.W.2d at 195–96.

*Estate of Zellmer* involved a claim against a divorced father's estate. The divorce judgment required the father to maintain life insurance for the benefit of his children. He failed to do so, and after his death one of his children filed a claim against his estate for the amount of the policy. Since the provision for life insurance was part of the divorce judgment, the *Zellmer* court applied the twenty-year limitation on judgments. 1 Wis. 2d at 52, 82 N.W.2d at 894.[3]

Megan's father points out that under sec. 893.40, Stats., an action on a judgment must be commenced

---

[3] *See also Matter of Miller*, 17 B.R. 717, 719 (Bankr. W.D. Wis. 1982), in which the bankruptcy court held, "Since an action to collect [child support] arrearages is an action upon a judgment, Wis. Stats. sec. 893.40, the twenty-year limitation, applies."

within twenty years after the judgment is "entered." He argues that sec. 893.40 cannot apply to the independent action for child support because under *Halmu* the statute of limitation begins to run when the child reaches majority, not when the divorce judgment is entered. We hold that sec. 893.16, Stats. 1973, not sec. 893.40, applies.

Section 893.14, Stats. 1973, provides, "The following actions must be commenced within the periods respectively hereinafter prescribed after the cause of action has accrued . . . ." Section 893.16, Stats. 1973, provides, "An action upon a judgment or decree of any court of record of this state or of the United States sitting within this state" must be commenced within twenty years after the cause of action accrued. Effective July 1, 1980 sec. 893.16 was repealed and sec. 893.40 was enacted. Sec. 28, ch. 323, Laws of 1979. Chapter 323, Laws of 1979, contained no express provision for claims which accrued prior to July 1, 1980.

Generally, if an act repealing a statute of limitation does not expressly provide for claims which accrued prior to the repeal, we look to the statute of limitation in effect when the claim accrued. Secs. 990.06, 991.07, Stats. Megan's mother's right to bring the independent action for arrearages accrued when Megan became an adult. *Halmu*, 247 Wis. 2d at 134, 19 N.W.2d at 321. Accordingly, sec. 893.16, Stats. 1973, determines whether an independent action to recover arrearages for Megan's support is barred. Because this action was brought within twenty years after Megan's majority, it is not barred.

*By the Court.*—Judgment reversed.