IN RE Elaine J. HAMILTON, Petitioner v. Walter Junior HAMILTON, Respondent:

STATE of Wisconsin, Petitioner-Respondent,†

v.

Walter Junior HAMILTON, Respondent-Appellant.

Court of Appeals

*No. 01–1014. Submitted on briefs September 12, 2001.—Decided March 28, 2002.*

2002 WI App 89

(Also reported in 644 N.W.2d 243.)

† Petition to review granted 6-11-02.

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Robert A. Ramsdell*, Madison.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Randy A. Woodford*, Assistant Corporation Counsel for Dane County.

Before Dykman, Deininger and Lundsten, JJ.

¶ 1. LUNDSTEN, J. Walter Junior Hamilton appeals a circuit court order denying his motion to dismiss an action brought by the Dane County Corporation Counsel on behalf of the State of Wisconsin to collect unpaid child support. The circuit court granted the State's request for an order for child support arrearages and rejected Walter's contention that the action was outside the twenty-year statute of limitations pertaining to actions upon a judgment under WIS. STAT. § 893.40 (1999–2000).[1] While we hold that the State's action was timely with respect to part of the child support arrearages, we disagree with the circuit court that the State's action was timely as to the entire arrearage. Accordingly, we reverse and remand for further proceedings.

## *Background*

¶ 2. Walter and Elaine Hamilton were divorced in Grant County on June 22, 1970. The divorce judgment required Walter to pay $10.00 every two weeks to Elaine as alimony, and $20.00 for each of their two children every two weeks for child support. On November 9, 1977, the Dane County Circuit Court entered an order amending the judgment pursuant to a stipulation by Elaine and Walter. The 1977 order expunged all alimony arrearages and eliminated Walter's future obligation to pay alimony. Walter's child support payments were changed to $50.00 every two weeks, payable for the support of "the minor children . . . until further order of the Court." There was no further order regard-

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

ing child support directed at Walter, and the youngest of the two Hamilton children reached majority on April 4, 1985. From the date of the original divorce judgment in 1970 through the time the youngest child reached majority in 1985, Walter failed to make a substantial number of child support payments.

¶ 3. Elaine died in June of 1989. On May 22, 2000, the State filed a motion requesting child support arrearages and interest accumulating up to January 12, 2000. In an affidavit filed with the motion, the State alleged that, pursuant to Wis. Stat. § 767.075, it is a real party in interest in this case. Various documents in the record reveal that the State is, at least in part, seeking to recoup AFDC payments made to Elaine during a period of time when Walter was failing to make child support payments. The State sought $15,501 in child support arrearages and $10,948 in interest.[2]

¶ 4. Walter argued, first before a family court commissioner and then before the circuit court, that the statute of limitations barred the State's action. The circuit court concluded that the twenty-year statute of limitations in Wis. Stat. § 893.40 applied. Relying on

---

[2] Although the caption on the State's May 2000 pleading has the same case number as the original divorce action, both Walter and the State say that the State's motion is an "independent action" upon the judgment. Neither party suggests that the State may not bring a motion within the context of the original action. We do not address this issue because, regardless whether the State's motion is an independent action or instead a motion in the divorce case, our decision would remain the same. *Cf. Halmu v. Halmu*, 247 Wis. 124, 133, 19 N.W.2d 317 (1945) (although action was commenced as a contempt proceeding, court could properly treat the matter as an independent action for money because the trial court had jurisdiction and doing so did not prejudice the defendant), *overruled on other grounds, Griffin v. Reeve*, 141 Wis. 2d 699, 416 N.W.2d 612 (1987).

case law, the court determined that the State's cause of action accrued on the date Walter and Elaine's youngest child reached majority and, therefore, the State's action was timely because it had twenty years from April 4, 1985, to bring the action.

¶ 5. The circuit court remanded the matter to the family court commissioner, who ordered Walter to pay $15,024 in child support arrearages and $7,944 in interest on the arrearage owed to the State. The matter returned to the circuit court, which affirmed the arrearage amount but reversed the interest requirement on the basis that the State waited an unreasonable amount of time to seek enforcement. The State has not appealed the circuit court's ruling denying interest, but Walter appeals the order requiring him to pay the $15,024 child support arrearage.

### *Discussion*

¶ 6. Walter asserts the circuit court erred when it ruled that the State's action to obtain child support arrearages accumulating between 1972 and 1985 was not barred by the twenty-year statute of limitations pertaining to actions on judgments. Walter believes the circuit court correctly concluded that the new statute, Wis. Stat. § 893.40, governs.[3] Nonetheless, he argues that under the plain language of the new statute, the State, as Elaine's assignee, had twenty years after entry of either the original divorce judgment or an amended judgment to bring an action, and the State missed both deadlines by several years. The State responds that the enactment of § 893.40 did not change the rule that the

---

[3] Wisconsin Stat. § 893.40 is hardly "new," having been enacted in 1980, but we refer to it as the new statute simply to differentiate it from its predecessor statutes.

twenty-year time limit commences when a cause of action for child support arrearages accrues at the time the youngest child reaches majority. Because Elaine's youngest child reached majority in 1985, the State asserts its filing in 2000 was timely. In the alternative, the State asserts that former WIS. STAT. §§ 893.14 and 893.16(1) (1977)[4] are applicable to the entire arrearage with the same result.

¶ 7. Although we agree with several statements of law contained in the parties' briefs, neither party recognizes that this case involves two groups of missed child support payments: missed payments before the effective date of the new statute and missed payments after that date. As explained below, this situation leads us to conclude (1) that the old statute of limitations applies to the first group and the State's action is timely as to that group, and (2) that the new statute of limitations applies to and bars the State's action with respect to the second group.

¶ 8. In this case, we are asked to construe statutes and apply them to undisputed facts. The application of a statute to undisputed facts is a question of law which this court reviews without deference to the circuit court. *State v. Wilke*, 152 Wis. 2d 243, 247, 448 N.W.2d 13 (Ct. App. 1989). When construing a statute, we first look to the language of the statute itself. *State v. Waalen*, 130 Wis. 2d 18, 24, 386 N.W.2d 47 (1986). A "statute must be interpreted on the basis of the plain meaning of its terms." *State v. Williquette*, 129 Wis. 2d 239, 248, 385 N.W.2d 145 (1986). Only when statutory language is ambiguous may we examine other construc-

---

[4] All further references to WIS. STAT. §§ 893.14 and 893.16(1) are to the 1977 version.

tion aids such as legislative history, context, and subject matter. *Waalen*, 130 Wis. 2d at 24.

### The Determination Whether to Apply an Old or New Statute of Limitations

¶ 9. In the absence of specific direction from the legislature, when a statute of limitations is changed, WIS. STAT. §§ 990.06 and 991.07 apply to determine which statute governs. *See Betthauser v. Med. Protective Co.*, 172 Wis. 2d 141, 153, 493 N.W.2d 40 (1992). The provisions of §§ 990.06 and 991.07 "are virtually identical and have been interpreted that way." *Kohnke v. St. Paul Fire & Marine Ins. Co.*, 140 Wis. 2d 80, 86 n.3, 410 N.W.2d 585 (Ct. App. 1987), *aff'd,* 144 Wis. 2d 352, 424 N.W.2d 191 (1988).

¶ 10. WISCONSIN STAT. § 990.06 provides:

> In any case when a limitation or period of time prescribed in any act which shall be repealed for the acquiring of any right, or barring of any remedy, or for any other purpose shall have begun to run before such repeal and the repealing act shall provide any limitation or period of time for such purpose, *such latter limitation or period shall apply only to such rights or remedies as shall accrue subsequently to the time when the repealing act shall take effect, and the act repealed shall be held to continue in force and be operative to determine all such limitations and periods of time which shall have previously begun to run* unless such repealing act shall otherwise expressly provide.

(Emphasis added.) Similarly, WIS. STAT. § 991.07 provides:

> In any case when a limitation or period of time prescribed in any act which is hereby repealed for the

acquiring of any right or the barring of any remedy or for any other purpose shall have begun to run and a limitation or period of time for such purpose shall be prescribed in these revised statutes, *the limitation or period prescribed by these statutes shall be held to apply only to such rights or remedies as shall accrue subsequently to the time when the same shall take effect; and the act repealed shall be held to continue in force and operative to determine all such limitations and periods of time, which shall have previously begun to run,* unless in special cases in these revised statutes a different rule shall be prescribed.

(Emphasis added.)

¶ 11. Simply stated, when a statute of limitations is replaced or amended, a cause of action that has accrued prior to the effective date of the new statute or amendment is governed by the prior statute, unless the legislature specifies otherwise. Conversely, a cause of action that has not yet accrued prior to the effective date of the new statute or amendment is governed by the new language, unless otherwise specified. *See, e.g., Betthauser,* 172 Wis. 2d at 146 (old statute of limitations applied to plaintiff's medical malpractice action because, prior to the effective date of the new statute of limitations, the plaintiff's cause of action accrued and he maintained a right to sue under the old statute until he was nineteen years of age); *Kohnke,* 140 Wis. 2d at 85–86 (old statute of limitations did not apply to plaintiff's medical malpractice action because it was repealed prior to the date plaintiff's cause of action accrued, that is, when he discovered his injury).

¶ 12. With regard to WIS. STAT. § 893.40, we have reviewed the enacting legislation and find that the legislature has not provided specific guidance on when

to apply this revised and renumbered statute. *See* Laws of 1979, ch. 323, § 31; *see also Kroeger v. Kroeger,* 120 Wis. 2d 48, 53, 353 N.W.2d 60 (Ct. App. 1984) ("Chapter 323, Laws of 1979, contained no express provision for claims which accrued prior to July 1, 1980."). Accordingly, the determination whether we should apply the old or new statute of limitations in this case turns on determining whether a "cause of action" had accrued against Walter prior to the effective date of the new statute of limitations.

*Former §§ 893.14 and 893.16(1) and Current § 893.40*

¶ 13. Prior to July 1, 1980, WIS. STAT. § 893.14 read:

**893.14 Actions, time for commencing.** *The following actions must be commenced within the periods respectively hereinafter prescribed after the cause of action has accrued* except that the period shall not be considered to have expired when the court before which the action is pending shall be satisfied that the person originally served knowingly gave false information to the officer with intent to mislead him in the performance of his duty in the service of any summons or civil process. In the event the court so finds the period of limitation shall be extended for one year.

(Emphasis added.) The statute of limitations on an "action upon a judgment" prior to July 1, 1980, was WIS. STAT. § 893.16(1), which provided:

**893.16 Within 20 years.** Within 20 years:

(1) An action upon a judgment or decree of any court of record of this state or of the United States sitting within this state.

In the context of child support arrearages, these statutes have been read in conjunction as follows: " 'An

action upon a judgment or decree . . .' must be commenced within twenty years after the cause of action accrued." *Kroeger*, 120 Wis. 2d at 53, quoting § 893.16.

¶ 14. In 1980, WIS. STAT. ch. 893 was repealed and recreated. In effect, § 893.14 was amended and renumbered § 893.10, and § 893.16(1) was amended and renumbered § 893.40. These changes became effective July 1, 1980. *See* Laws of 1979, ch. 323, §§ 28 and 34. Section 893.40 currently reads:

> **893.40 Action on judgment or decree; court of record.** Except as provided in s. 846.04(2) and (3), action upon a judgment or decree of a court of record of any state or of the United States shall be commenced within 20 years after the judgment or decree is entered or be barred.

The reference to WIS. STAT. § 846.04 was added in 1997, *see* 1997 Wis. Act 27, § 5217g, but that amendment is not pertinent to this appeal. The relevant language in § 893.40 has remained the same since 1980: an "action upon a judgment or decree of a court of record . . . shall be commenced within 20 years after the judgment or decree is entered or be barred."

¶ 15. The plain language of WIS. STAT. § 893.40 changed the starting date for the twenty-year time limit on an "action upon a judgment or decree." Under the new statutory scheme, the twenty-year period starts running when the "judgment or decree is entered." A judgment or decree is "entered" when it is "filed in the office of the clerk of court." WIS. STAT. §§ 806.06(1)(b) and 807.11(2). Because the revised statute contains its own unambiguous start date, there is no reason to read the new time limit in conjunction with the current § 893.04, as suggested by the State and addressed

below in ¶ 28, or in conjunction with § 893.10, the successor statute to the old § 893.14.[5]

### *Application of the Law to this Case*

¶ 16. Turning to the facts of this case, we discern two time periods deserving separate treatment. The time period prior to and the time period after the effective date of the new statute of limitations, WIS. STAT. § 893.40.

¶ 17. Using the procedure specified in §§ 990.06 and 991.07, we look to June 30, 1980, the day before the effective date of the new statute of limitations. On June 30, 1980, a cause of action had accrued against Walter

---

[5] We note that one of the cases cited by the State and relied on by the circuit court, *Douglas County Child Support Enforcement Unit v. Fisher*, 185 Wis. 2d 662, 517 N.W.2d 700 (Ct. App. 1994), contains misleading language. In *Douglas County*, this court erroneously referred to the new WIS. STAT. § 893.40 when, instead, the applicable statutes were former §§ 893.14 and 893.16(1). This court stated:

> The parties agree that this is an independent action seeking a money judgment for child support arrearages. They agree that an independent action is governed by the twenty-year statute of limitations, § 893.40, STATS., *Kroeger v. Kroeger,* 120 Wis. 2d 48, 353 N.W.2d 60 (Ct. App. 1984), and may not be brought until the child in question attains the age of majority. Because the two children here turned eighteen in 1975 and 1977, respectively, the action is within the statutory time.

*Id.* at 667. It is evident from the timing of the events in *Douglas County* that this court meant to apply and refer to former §§ 893.14 and 893.16. In any event, the time limit on the action was not disputed in *Douglas County* and this court did not intentionally take up and decide the issue. Thus, the reference to § 893.40 is dicta. *See State v. Taylor*, 205 Wis. 2d 664, 670, 556 N.W.2d 779 (Ct. App. 1996).

817

for his missed June 1980 payments and all prior missed payments. On that date, by virtue of former §§ 893.14 and 893.16(1), the State, as Elaine's assignee, had a vested right to sue Walter for the accumulated arrearage within twenty years of Walter's last missed June 1980 payment. Because twenty years from June of 1980 is June of 2000, the State's action, filed in May of 2000, is timely with respect to child support payments Walter missed prior to July 1, 1980.

¶ 18. When Walter continued to miss payments after July 1, 1980, the right to obtain relief from those missed payments was governed by the statute of limitations then in effect, namely § 893.40. This is true because, at the time of the effective date of the new statute of limitations, neither Elaine nor the State had a vested right to the application of the prior statute of limitations for failures that had not yet occurred. Therefore, we apply the new statute of limitations to the State's action to the extent it seeks arrearages accumulating after July 1, 1980.

¶ 19. Section 893.40 provides that an action on a judgment may be brought within twenty years of the time the judgment "is entered." WIS. STAT. § 893.40. Thus, we must determine when the judgment requiring Walter to make child support payments on and after July 1, 1980, was entered. That judgment is an amended divorce judgment entered November 9, 1977. This 1977 amended judgment expunged all alimony arrearages, eliminated Walter's future obligation to pay alimony, and required Walter to pay child support in the amount of $50.00 every two weeks. When Walter missed payments after July 1, 1980, he was violating the 1977 amended judgment. Because the State's action was filed in May of 2000, about twenty-three years after entry of

the amended judgment, the State's action is barred with respect to arrearages accumulating on and after July 1, 1980.[6]

¶ 20. We now respond to several of the specific arguments made by the parties.

¶ 21. Walter contends that all of the arrearages are governed by WIS. STAT. § 893.40. Walter surmises that the State's action is barred because the State missed the twenty-year statute of limitations by either ten or three years, depending on whether this court looks to entry of the original 1970 divorce judgment or to entry of the 1977 amended judgment. We agree with much of Walter's analysis, including his assertion that § 893.40 is plain on its face in that it starts the twenty-year clock running when the judgment is entered. However, as explained above, Walter's analysis fails to take into account the vested right the State had in the prior statute of limitations at the time the new statute became effective.

¶ 22. In the alternative, Walter asserts that neither the new § 893.40 nor the old §§ 893.14 and 893.16(1) apply. He contends instead that WIS. STAT. § 893.87, the ten-year time limit governing "[a]ny action in favor of the state," applies. However, apart from other possible problems with this argument, § 893.87 only applies "if no other limitation is

---

[6] The record contains an order dated October 8, 1981. However, this order is not directed at Walter, but is instead directed at the clerk of the circuit court. It instructs the clerk of the circuit court to remit Walter's future payments to Elaine, rather than the State as previously ordered. The 1981 order is not a judgment or decree within the meaning of § 893.40 for purposes of this case because the State is not seeking recovery of payments required by that order.

819

prescribed in this chapter." This case involves an "action upon a judgment," the type of action that falls under § 893.40 and its predecessor statutes, §§ 893.14 and 893.16(1). *See Kroeger*, 120 Wis. 2d at 52.

¶ 23. Turning now to the State's arguments, it first contends that former §§ 893.14 and 893.16(1) are applicable to the entire arrearage accumulated prior to the time in 1985 when the youngest child reached majority. The State cites *Kroeger* and *Halmu v. Halmu*, 247 Wis. 124, 19 N.W.2d 317 (1945), for the proposition that under the former statutes it had twenty years after the youngest child reached majority to bring its action. Relying on §§ 990.06 and 991.07, the State contends it had a vested right to this longer time limit "prior to the repeal of [former §§ 893.14 and 893.16(1),] and the enactment of sec. 893.40, Stats., cannot disturb those substantive rights." We disagree with this analysis.

¶ 24. The State's approach ignores the fact that Walter's arrearage was built on a series of individual failures to abide by the child support orders and that each of these failures gave rise to a cause of action. In *Halmu*, for instance, the plaintiff brought contempt proceedings over twenty times based on the payor's repeated failure to make required payments. *Halmu*, 247 Wis. at 126–30.

¶ 25. Also, the State misreads *Halmu* and *Kroeger*. *Halmu* and *Kroeger* do not hold that the accrual date for a cause of action for child support arrearages is *always* the date of the youngest child's majority. Indeed, there are other events that can and do give rise to a last-cause-of-action date in child support arrearage cases, such as the last missed payment prior to a child's death or prior to the time a child becomes self-supporting. In *Halmu, Kroeger*, and other similar

cases, the youngest child's majority simply happened to be the last time a cause of action for child support accrued. *See Halmu*, 247 Wis. at 126–27, 131; *Kroeger*, 120 Wis. 2d at 49, 53; *see also Paterson v. Paterson*, 73 Wis. 2d 150, 152, 242 N.W.2d 907 (1976). Furthermore, the last-cause-of-action accrual date in all three of the above cases was prior to enactment of the new statute of limitations. Thus, the courts in those cases were not asked to determine the last-cause-of-action date in light of a revision to the statute of limitations occurring prior to a last missed payment. In sum, none of the cases the State relies on undercut our conclusion that neither Elaine nor the State as her assignee had, prior to enactment of the new statute of limitations, a vested right to the application of former §§ 893.14 and 893.16(1) to an action regarding payments that had yet to be missed.

¶ 26. The State points to language in *Wall v. Wall*, 140 Wis. 2d 341, 410 N.W.2d 593 (Ct. App. 1987), stating: "We believe that the statute of limitations rule set out in *Paterson* [that the twenty-year time limit begins to run only after the youngest child reaches majority] is based on the potential for a child support order to be revised upon a showing of changed circumstances anytime before the child attains majority." *Id*. at 344. The State apparently argues that this policy reason remains valid and should guide our interpretation of § 893.40.

¶ 27. However, regardless whether the *Wall* court's observation constitutes a policy reason behind the manner in which former §§ 893.14 and 893.16(1) have been applied to child support arrearages, none of the cases cited by the State involve a change in the statute of limitations during the time a paying parent

was obligated to make child support payments. Perhaps more to the point, the new statute has clear language identifying the new time limit as "within 20 years after the judgment or decree is entered." WIS. STAT. § 893.40. This is an unambiguous substantive legislative change. The establishment of a statute of limitations on causes of action is a policy question within the province of the legislature. *See Miller v. Kretz,* 191 Wis. 2d 573, 580, 531 N.W.2d 93 (Ct. App. 1995); *see also Hansen v. A.H. Robins Co.,* 113 Wis. 2d 550, 556–57, 335 N.W.2d 578 (1983).

¶ 28. Nor do we agree with the State that § 893.40 must be read in conjunction with WIS. STAT. § 893.04. Section 893.04 provides: "*Unless otherwise specifically prescribed by law,* a period of limitation within which an action may be commenced is computed from the time that the cause of action accrues until the action is commenced." (Emphasis added.) In this case, the law specifically prescribes that the twenty-year limitation period for actions on judgments begins to run at the entry of the judgment. *See* § 893.40.

¶ 29. Finally, the State argues that our interpretation of § 893.40 produces absurd results because the time for bringing an action after a final missed payment can vary drastically depending on the timing of the child support order in relation to the ages of the children. We conclude that the State's absurd-results argument is without merit. First, an arrearage builds over time, and the greater the time a payor fails to pay, the greater the notice a payee has that an action needs to be brought. Furthermore, even under the scenario posited by the State, in which a divorce judgment is entered when a child is an infant and support is ordered until the child attains the age of nineteen pursuant to WIS. STAT. § 767.25, the child support payee would still

have approximately one year to bring an arrearage action. We also note that nothing in this decision affects the possibility of seeking child support arrearages through contempt proceedings. The supreme court in *Griffin v. Reeve*, 141 Wis. 2d 699, 416 N.W.2d 612 (1987), explained that the contempt sanction remains available "after the child reaches majority, and so long as that obligation imposed by court order continues" because a "parent's failure to pay child support after the child reaches majority is a continuing disobedience of a court order." *Id*. at 708–09.

¶ 30. At the same time, we agree with the State that the new statutory scheme creates widely differing time limits depending on when a couple is divorced in relation to the ages of the children or whether an amended judgment was entered, factors that appear unrelated to the purpose of § 893.40. Although the Judicial Council Committee's Note suggests an awareness that § 893.40 contains a substantive change, *see* WIS. STAT. ANN. § 893.40, Judicial Council Committee's Note—1979, at 362 (West 1997), we do not know whether the legislature was cognizant of the effect this change would have on child support arrearage actions.

¶ 31. In summary, the State's action was timely under §§ 893.14 and 893.16(1) with respect to arrearages accumulating prior to July 1, 1980. However, the State's action was time-barred by § 893.40 with respect to arrearages that accumulated starting July 1, 1980. Because the circuit court's order did not segregate these time periods, we reverse the entire order and remand for further proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded with directions.