Beck, Appellant, vs. First National Bank in Oshkosh, Respondent.

*December 7, 1943—January 18, 1944.*

421

422

The cause was submitted for the appellant on the brief of *Barber, Keefe, Patri, Stillman & Nolan* of Oshkosh, attorneys, and *David G. Watts* of Los Angeles, California, of counsel, and for the respondents on the brief of *Thompson, Gruenewald & Frye* of Oshkosh.

BARLOW, J. The court awarded the custody of the daughter Helen Ann to the mother and of the daughter Pauline E. (Peggy) to the father, and then appointed a trustee to re-

ceive the securities provided for the support, maintenance, and education of these minor children. The question involved is the authority of the court over these trust assets during the period involved. Sections of the statutes relative to the issues in the case are as follows:

"247.30 *Alimony, payment of and security for.* In all cases where alimony or other allowance shall be adjudged to the wife or for the maintenance or education of the children the court may provide that the same shall be paid in such sums and at such times as shall be deemed expedient, and may impose the same as a charge upon any specific real estate of the party liable or may require sufficient security to be given for the payment thereof according to the judgment; and upon neglect or refusal to give such security or the failure to pay such alimony or allowance the court may enforce the payment thereof by execution or otherwise as in other cases. No such judgment shall become effectual as a charge upon specific real estate until the judgment or a certified copy thereof is recorded in the office of the register of deeds in the county in which the real estate is situated.

"247.31 *Trustee may be appointed.* The court may also appoint a trustee, when deemed expedient, to receive any money adjudged to the wife upon trust, to invest the same and pay over the income thereof for her maintenance or the maintenance and education of the minor children or any of them, or to pay over the principal sum in such proportions, and at such times as the court shall direct. The trustee shall give such bond, with such sureties as the court shall require, for the faithful performance of his trust.

"247.32 *Revision of judgment.* After a judgment providing for alimony or other allowance for the wife and children, or either of them, or for the appointment of trustees as aforesaid the court may, from time to time, on petition of either of the parties, revise and alter such judgment respecting the amount of such alimony or allowance and the payment thereof, and also respecting the appropriation and payment of the principal and income of the property so held in trust, and may make any judgment respecting any of the said matters which such court might have made in the original action.

But when a final division of the property shall have been made under the provisions of section 247.26 no other provisions shall be thereafter made for the wife."

In making provision for the support, maintenance, and education of the minor children, the judgment provides:

"It is further adjudged, that the plaintiff shall make provision for the support of said children and shall give security for the payment of an allowance for their support, maintenance and education as follows: . . ."

It was then directed that the father should transfer certain securities to the Oshkosh Savings & Trust Company, and one half of the income from said securities, when collected, be paid for the support of each child. The duty of the trustee was to collect the income and apply it to the support of the children as directed in the judgment. The court had a right to order an assignment of the stocks in question as security for the support, maintenance, and education of these children. *Dillon v. Dillon, ante,* p. 122, 11 N. W. (2d) 628. The provision in the divorce judgment for the support of these minors could be revised at any time on petition of either of the parties, even though a trustee had been appointed. *Yates v. Yates* (1914), 157 Wis. 219, 147 N. W. 60. The obligation to support these children rested with the parents, and especially with the father, and the court is charged with the duty of seeing that this responsibility is carried out. If the stocks in question had not produced sufficient income to care for the children, the court could have revised the judgment and ordered the sale of such stocks as he saw fit and applied the principal to the care of the children, and if necessary all of it. If the stocks had become valueless, the court could have required the father to provide additional security for this purpose, and if the income had been in excess of the amount required, the judgment could have been revised so as to provide for a fixed amount to be paid from the income. If the parties

to the action had remarried, and the father thereby assumed the responsibility for the support of the children, the court could have revised the judgment and ordered the securities returned to the father. It naturally follows that this trust and the securities contained in it were under the complete control and supervision of the court, and that the trustee was the agent of the court to carry out its directions.

It is argued that where the parties agreed to the creation of a trust and the securities to be contained therein, the trustee owed the same obligation as though the trust had been created by the parties themselves, and that the trustee had no authority to exchange the securities. We cannot agree with this contention. In *Warren v. Warren*, 116 Minn. 458, 133 N. W. 1009, under similar statutes, it was held:

"It appears that the original judgment for alimony was based upon a stipulation of the parties, entered into pending the action, but not to facilitate the granting of the divorce, and plaintiff contends that the judgment so founded and entered became a contract between the parties, and is not subject to change by the court, except upon restoration of plaintiff to her position and rights before its entry. In this we are unable to concur.

"Stipulations and agreements of the kind, where not void by reason of having been entered into to facilitate a decree of divorce, become merged in the judgment when entered, and are not, in the absence of statute upon the subject, so far of a contractual nature as to preclude the court subsequently from changing and modifying the judgment, upon application of one of the parties. The court is not controlled by the stipulation, and may adopt or reject it as seems consistent and proper from the situation of the parties, as disclosed by the evidence on the trial. The fact that such stipulations are usually adopted by the court does not change the situation." See also *Haskell v. Haskell*, 116 Minn. 10, 132 N. W. 1129; *Martinson v. Martinson*, 116 Minn. 128, 133 N. W. 460; *Erickson v. Erickson*, 181 Minn. 421, 232 N. W. 793.

The rule as to alimony applies to the support of minor children. It follows that no beneficiary under the judgment of the court had a vested right which could not be changed by the court. The court had authority to authorize the exchange of securities or the release of securities if it saw fit, depending entirely upon the conditions at the time of the revision. When the parties to the action joined in the application for the exchange of the bank stock, it was equivalent to a petition of the parties to revise the judgment, and the minor children had no vested interest requiring that they be given notice or be heard in the matter.

No fraud is claimed, and the facts were fully set forth to the court at the time application was made. The father, who was primarily liable for the support of these children, was experienced in banking and believed the exchange to be advisable. The trustee complied with the order of the court, which it had a right to do, and the fact that the exchange did not prove profitable creates no liability on its part.

Liability is claimed by reason of the exchange of stock in the Wisconsin Securities Company for shares in the Wisconsin Securities Company of Delaware. The board of directors of this company conceived a plan of reorganization under the Delaware law for the purposes of taxation and other causes deemed by the board to offer advantages to the corporation over retaining its situs in Wisconsin. The assets, management, and personnel of officers and directors and the business engaged in remained identical. Application was made by the trustee to the court for authority to exchange this stock for stock in 'the new company. No notice was required by the court to be given to the plaintiff and defendant in the divorce action, and none was given. We fail to see where this is any different than if the stockholders had amended the articles of organization and changed the name of the company. The as-

sets are the same as they would have been if this exchange had not been made and no new company had been organized. Claim is made that the laws of Delaware are different than the laws of Wisconsin and the assets may have been better protected under the Wisconsin law. There is no proof to sustain this contention. We feel that the judgment creating the trust was broad enough to authorize the trustee to exchange this stock for like stock covering the same assets when the directors of the company saw fit to organize under the law of another state. We hold that the trustee complied with all the terms of the judgment creating this trust and there is no liability for damages on its part.

The judgment provides that the question of the amount of the respective shares of the beneficiaries under the trust shall be determined by the court upon notice to interested parties. The daughter Peggy was to receive five eighths of the trust assets if she had not regained normalcy at the time of her death or at the period of the termination of the trust, and the daughter Helen Ann was to receive three eighths. It is undisputed in the record that Peggy had not regained normalcy at the time of her death, and no proof has been offered to warrant a revision of the judgment at this time.

*By the Court.*—Judgment and order affirmed.