In re Elaine J. HAMILTON, Petitioner v. Walter Junior HAMILTON, Respondent:

STATE of Wisconsin, Petitioner-Respondent-Petitioner,

v.

Walter Junior HAMILTON, Respondent-Appellant.

Supreme Court

*No. 01–1014. Oral argument November 6, 2002.—Decided May 30, 2003.*

2003 WI 50

(Also reported in 661 N.W.2d 832.)

459

■■■■■■■■■
■■■■■■■■■

For the petitioner-respondent-petitioner the cause was argued by *Stephen J. Nicks,* assistant attorney general, with whom on the brief was *James E. Doyle,* attorney general.

For the respondent-appellant there were briefs (in the court of appeals) by *Robert A. Ramsdell,* Madison, and oral argument by *Robert A. Ramsdell.*

¶ 1. DAVID T. PROSSER, J.   This is a review of a published decision of the court of appeals,[1] which reversed a Dane County Circuit Court decision denying Walter Junior Hamilton's (Walter) motion to dismiss the State's action to collect unpaid child support.

¶ 2.   Walter was divorced in 1970 and ordered to pay child support for his two children. The child support judgment was amended in 1977. The State filed an independent action to collect Walter's child support arrearages in 2000, almost 30 years after the original judgment, more than 20 years after the amended judgment, and more than 15 years after Walter's youngest child reached the age of majority.

¶ 3.   Walter's case raises questions about the application of statutes of limitations to child support collection actions. The issue presented is whether the State, as an assignee of Walter's deceased former wife, filed a timely action to collect child support arrearages in 2000. Payments missed between 1970 and June 30, 1980, are not at issue. *See infra* ¶ 13, n.8. Thus, the specific questions of law are: (1) Does Wis. Stat.

---

[1] *State v. Hamilton,* 2002 WI App 89, 253 Wis. 2d 805, 644 N.W.2d 243.

§ 893.40 (2001–2002)[2] apply to independent actions to collect child support not paid after July 1, 1980, and (2) if § 893.40 applies, when does the 20–year limitations period in the statute begin to run?

¶ 4. We hold that Wis. Stat. § 893.40, which became effective on July 1, 1980, governs the time within which a party may bring an independent action to collect child support arrearages that accumulated after the statute's effective date. In addition, we conclude that, under the statute, an action brought to enforce a child support judgment must be commenced within 20 years of the date when the judgment is entered. The period of limitation begins to run upon entry of judgment, irrespective of whether any payment under that judgment has been missed.

¶ 5. The last judgment ordering Walter to pay child support was entered on November 9, 1977. Consequently, the State had until November 9, 1997, to commence an action against Walter to collect arrears that accrued after July 1, 1980. Because the State's action to collect arrearages was not initiated until May 2000, it must be deemed untimely and barred under Wis. Stat. § 893.40.

## I. BACKGROUND FACTS

¶ 6. The relevant facts of this case are not in dispute. Walter and Elaine Hamilton were divorced in Grant County on June 22, 1970, after approximately five years of marriage. The divorce judgment required Walter to make payments to Elaine every two weeks: $10.00 as alimony and $20.00 for each of their two children as child support. By 1977 Walter was residing

---

[2] All subsequent references to the Wisconsin Statutes are to the 2001–2002 volumes unless otherwise indicated.

in Dane County. On November 9, 1977, the Dane County Circuit Court entered an order amending the judgment, pursuant to a stipulation by the parties. This order expunged all alimony arrearages and eliminated Walter's future obligation to pay alimony, but it revised Walter's child support payments to a fixed sum of $50.00, to be paid every two weeks until further ordered by the court. The 1977 order was the last court order regarding child support directed at Walter prior to the commencement of this action.

¶ 7. The youngest Hamilton child reached the age of majority on April 4, 1985.[3] From the date of the original divorce judgment in 1970 through April 1985, Walter failed to make a substantial number of child support payments.

¶ 8. Elaine died on June 7, 1989. She did not file any enforcement actions to collect on Walter's child support arrears before her death.

¶ 9. On May 22, 2000, the State filed a motion in Dane County Circuit Court requesting the court to order Walter to pay the child support arrearages and interest that had accumulated as of January 12, 2000. Specifically, the State sought $15,501.85 in child support arrearages and $10,948.50 in interest.[4] In an

---

[3] Elaine and Walter had only two children together, both of whom were ordered to receive support payments from Walter. As a matter of grammatical purity, the second child should be referred to as the "younger" child, not the "youngest" child. However, since the principle of law at issue is concerned only with the child who is the youngest among whatever pool of children are receiving support, we will refer to the Hamiltons' second child as their "youngest" child.

[4] The court of appeals noted that both Walter and the State agree that the State's motion is an "independent action" upon the judgment. *Hamilton*, 253 Wis. 2d 805, ¶ 3 n.2. Apparently,

accompanying affidavit, the State alleged that it was a real party in interest under Wis. Stat. § 767.075. Documents in the record show that the State was acting in part to recoup AFDC payments made to Elaine during periods when Walter was failing to pay child support.

¶ 10. In response to the State's motion, Walter argued that the statute of limitations for actions on judgments had expired and thus barred the State's action. A family court commissioner and the Dane County Circuit Court, Gerald C. Nichol, Judge, agreed that the 20–year statute of limitations in Wis. Stat. § 893.40 applied. Relying on case law interpreting and applying earlier statutes, the circuit court determined that the State's cause of action did not accrue until the date Walter and Elaine's youngest child reached the age of majority. This ruling made the State's action in 2000 timely, on the theory that the State had 20 years from April 4, 1985, the accrual date, to commence an action.

¶ 11. The circuit court remanded the matter to the family court commissioner, who ordered Walter to pay $15,024.85 in arrearages and $7,944.39 in interest. When the matter returned to the circuit court, the court affirmed the arrearage amount but expunged all existing and future interest because of the State's unreasonable delay in seeking enforcement.[5] Walter was ordered to pay $100 per month toward the arrears, as well as an annual receiving and disbursement fee. The circuit court rejected Walter's renewed motion that

---

neither party argues that the State could not bring a motion within the context of the original action. *Id.* We do not address this issue because it has no bearing on our present decision.

[5] The State has not appealed the circuit court's ruling denying interest on the arrearage.

it had lost jurisdiction because the State's claim had expired under the statute of limitations.[6] Walter appealed.

¶ 12.    On March 28, 2002, the court of appeals reversed the circuit court's decision. *State v. Hamilton,* 2002 WI App 89, ¶ 1, 253 Wis. 2d 805, 644 N.W.2d 243. Interpreting Wis. Stat. § 893.40, the court noted that a substantive change had been made in the law regarding the starting date of the 20–year time limit for actions on a judgment or decree. *Id.,* ¶ 15. The court asserted that two distinct groups of missed child support payments were at issue in the case. *Id.,* ¶¶ 7, 16. The court reasoned that § 893.40 applied to arrearages arising after its effective date of July 1, 1980, and that the statute of limitations began to run on these missed payments upon the entry of the last judgment in 1977. *Id.,* ¶ 18. The court concluded that two former sections, Wis. Stat. §§ 893.14 and 893.16(1) (1977), governed the arrearages arising before July 1, 1980, inasmuch as the State had acquired a vested right "in the prior statute of limitations at the time the new statute became effective." *Id.,* ¶¶ 17, 21.[7] Hence, the 20–year-

---

[6] The circuit court expressly found that the action was an action on a judgment and that Wis. Stat. § 893.40 applied to the matter. Nonetheless, it held that the cause of action did not accrue until April 4, 1985, for all of Walter's arrears.

[7] The court of appeals applied Wis. Stat. §§ 990.06 and 991.07, explaining that

> when a statute of limitations is replaced or amended, a cause of action that has accrued prior to the effective date of the new statute or amendment is governed by the prior statute, unless the legislature specifies otherwise. Conversely, a cause of action that has not yet accrued prior to the effective date of the new statute or amendment is governed by the new language, unless otherwise specified.

*Hamilton,* 253 Wis. 2d 805, ¶ 11.

period in which to bring an action to collect the arrearages arising before July 1, 1980, did not end until June 30, 2000—a little more than one month after the State filed its action. *Id.*, ¶ 17. Accordingly, the court of appeals found the State's action timely with respect to the pre-July 1, 1980, arrearages but untimely with respect to the arrearages accruing after that date. *Id.*, ¶¶ 17, 19.

¶ 13.   The State petitioned this court for review of that portion of the court of appeals' decision barring it from seeking payment on arrearages accumulating after July 1, 1980.[8] We granted review to address this important, recurring issue in child support enforcement.

---

[8] Walter did not cross-petition the court of appeals' decision that the State's action was timely with respect to the arrears that accumulated prior to July 1, 1980. In oral argument, Walter's counsel theorized that, because an independent cause *of action to collect child support* arrears under the prior statutory scheme did not fully accrue until the youngest child reached majority, the pre-1980 arrears never actually "accrued." This was a renewal of his earlier argument, rejected by the court of appeals, that Wis. Stat. § 893.40 applies to bar all the arrears he owed. *See Hamilton*, 253 Wis. 2d 805, ¶ 21.

The court of appeals pointed to Wis. Stat. §§ 990.06 and 991.07 to support the proposition that the former statute of limitations applied to pre-July 1, 1980, arrears. It rejected the argument that the accrual date for a cause of action for child support arrearages *always* is the date of the youngest child's majority. *Id.*, ¶ 25. "[T]here are other events that can and do give rise to a last-cause-of-action date in child support arrearage cases . . . ." *Id.* The court went on to say that "Walter's analysis fails to take into account the vested right the State had in the prior statute of limitations at the time the new statute became effective." *Id.*, ¶ 21.

## II. STANDARD OF REVIEW

¶ 14.   This case involves a determination of the appropriate statute of limitations to apply to an independent action to collect child support arrearages, as well as the interpretation and application of that statute. These matters present questions of law that we review de novo. Construction of a statute is a question of law that this court decides independently of the circuit court and the court of appeals, benefiting from their analyses. *See Meyer v. School Dist. of Colby,* 226 Wis. 2d 704, 708, 595 N.W.2d 339 (1999). Whether a statutory limitations period requires dismissal of an action where the underlying facts are not in dispute is also a question of law. *See Smith v. Milwaukee County,* 149 Wis. 2d 934, 937, 440 N.W.2d 360 (1989).

## III. ANALYSIS

¶ 15.   When the State filed its May 22, 2000, motion to order Walter to pay child support arrearages and interest, it was commencing an action on a judgment. The original judgment was the June 22, 1970, divorce judgment. The modified judgment was the November 9, 1977, order amending the original judgment.

¶ 16.   Wisconsin Stat. § 893.40 prescribes the time within which a party may bring an action on a judgment:

> Action on judgment or decree; court of record.
> Except as provided in s. 846.04(2) and (3), action upon

---

There is no challenge before this court concerning the arrears that Walter accumulated prior to July 1, 1980. Therefore, we do not consider the court of appeals' analysis or decision relating to these arrears.

a judgment or decree of a court of record of any state or of the United States shall be commenced within 20 years after the judgment or decree is entered or be barred.

¶ 17.   This statute was enacted in 1980. *See* § 28, Ch. 323, Laws of 1979 (effective July 1, 1980). There is no dispute between the parties that § 893.40 applies to arrearages that occurred *after* July 1, 1980, because these arrearages accrued subsequent to the time when the old statute of limitations was repealed and the new statute took effect. Applying § 893.40 to the payments missed after July 1, 1980, conforms to Wis. Stat. §§ 990.06 and 991.07, first, because the limitation under the former statute had not yet "begun to run" before it was repealed, and, second, because a cause of action on payments not yet missed had not accrued under the former statute. The dispute in this case is about when the new statute began to run.

■

¶ 18.   The statute's answer is seemingly clear: any action upon a judgment of a court of record must be commenced within 20 years *after the judgment is entered.* The statute is not limited to child support enforcement actions; it is much broader. Conversely, it does not except child support enforcement actions, as it excepts certain real estate foreclosures. *See* Wis. Stat. § 846.04(2), (3). No other statute sets time limitations for independent actions to collect arrearages on child support judgments. Thus, an independent action for child support arrearages *is* an action upon a judgment, governed by this statute of limitations. *Kroeger v. Kroeger,* 120 Wis. 2d 48, 52, 353 N.W.2d 60 (Ct. App. 1984); *see also Miller v. Miller,* 17 B.R. 717, 719 (Bankr. W.D. Wis. 1982).

¶ 19. Prior to July 1, 1980, the limitations period within which to bring actions upon a judgment was prescribed by the interaction of two statutes, Wis. Stat. §§ 893.14 and 893.16(1) (1977).

¶ 20. The first of these two statutes, § 893.14, formerly served as an umbrella provision for most statutes of limitations in Chapter 893. It read:

> Actions, time for commencing. *The following actions must be commenced* within the periods respectively hereinafter prescribed *after the cause of action has accrued* except that the period shall not be considered to have expired when the court before which the action is pending shall be satisfied that the person originally served knowingly gave false information to the officer with intent to mislead him in the performance of his duty in the service of any summons or civil process. In the event the court so finds the period of limitation shall be extended for one year.

Wis. Stat. § 893.14 (1977) (emphasis added). This statute introduced the question of when a cause of action accrues into the determination of limitations.

¶ 21. In *Halmu v. Halmu*, 247 Wis. 124, 134, 19 N.W.2d 317 (1945), *overruled on other grounds by Griffin v. Reeve*, 141 Wis. 2d 699, 416 N.W.2d 612 (1987), this court said that the applicable statute of limitations for *independent* actions on child support arrearages did not begin to run until after the youngest child had reached majority.[9] The court recognized the authority to seek enforcement of alimony and child support

___

[9] The *Halmu* court also held that the circuit court did not have "jurisdiction to enforce its order to pay child support by contempt proceedings on accrued unpaid instalments [sic] commenced after the child has reached majority." *Halmu v. Halmu*, 247 Wis. 124, 132, 19 N.W.2d 317 (1945) (quoting *Lowry v. Lowry*, 118 P.2d 1015, 1016 (Okla. 1941)). This holding regard-

provisions of a divorce judgment through contempt proceedings in the divorce court at any time, so long as the divorce court retained jurisdiction to revise its judgment. But it declared that an *independent* action to enforce the judgment would result in overlapping and confusion if it were permitted to go forward before the divorce court lost its jurisdiction. *Halmu,* 247 Wis. at 134–35. Inasmuch as the continuing jurisdiction of the divorce court over child support terminated at the youngest child's majority, the court decided that the statute of limitations "begins to run upon attainment of majority by the children." *Id.* (citing *Beck v. First Nat'l Bank of Oshkosh,* 244 Wis. 418, 12 N.W.2d 665 (1944); *Ashby v. Ashby,* 174 Wis. 549, 554, 183 N.W. 965 (1921); *Yates v. Yates,* 157 Wis. 219, 147 N.W. 60 (1914)). In short, the youngest child's age of majority was the date when the independent cause of action was said to "accrue."

¶ 22. The second statute, § 893.16(1), established a 20–year statute of limitations, which applied to "(1) An action upon a judgment or decree of any court of record of this state . . . ." Wis. Stat. § 893.16(1) (1977).

¶ 23. These provisions, read together in the context of state-ordered child support judgments, created a 20–year statute of limitations period for independent actions on child support arrearages that began to run on the date of the youngest child's majority. *See Kroeger,* 120 Wis. 2d at 50 (citing *Halmu,* 247 Wis. at 134).

¶ 24. Sections 893.14 and 893.16(1) were repealed in 1980 as part of the repeal and recreation of Chapter 893, § 28, ch. 323, Laws of 1979, and new provisions, including Wis. Stat. §§ 893.04 and 893.40, were created.

---

ing contempt proceedings after the age of majority was overruled by this court in *Griffin v. Reeve,* 141 Wis. 2d 699, 704, 416 N.W.2d 612 (1987).

¶ 25. In the present case, the circuit court focused exclusively on the new § 893.40. It nonetheless relied upon the language and rationale from *Halmu* and *Kroeger* in reaching its conclusion that the 20–year limitations period of the new statute did not begin to run until Walter's youngest child reached majority in 1985. The State continues to plug the rationale of *Halmu* and *Kroeger,* noting that, under Wis. Stat. § 767.32(1)(a), courts possess continuing jurisdiction to modify child support judgments and that such revisions are common. These points merge into the proposition that the *total* amount of arrears owing under a judgment ordering child support cannot be known and fixed until the youngest child receiving support reaches majority. That, the State argues, is when the cause of action accrues.

¶ 26. This argument downplays the fact that the statutory language has changed, altering the substance of the law.

¶ 27. In 1977 § 893.16 provided simply that "[a]n action upon a judgment or decree of any court of record of this state" had a 20–year statute of limitations. Wis. Stat. § 893.16(1) (1977). By comparison, current § 893.40 reads: "Action on judgment or decree; court of record. Except as provided in s. 846.04(2) and (3), action upon a judgment or decree of a court of record of any state . . . shall be commenced within 20 years after the judgment or decree is entered or be barred." The new statute is explicit in asserting that an action upon a judgment shall be commenced "within 20 years *after the judgment . . . is entered.*" Wis. Stat. § 893.40 (emphasis added). It leaves no room for an interpretation that the statute begins to run when the cause of action accrues.

¶ 28. This clear directive is significant because of the language in another statute created in 1980,

§ 893.04, which reads: "*Unless otherwise specifically prescribed by law,* a period of limitation within which an action may be commenced is computed from the time that the cause of action accrues until the action is commenced." Wis. Stat. § 893.04 (emphasis added). The language in this section is substantially the same as the language in former § 893.14 (1977), *except* that the new statute adds the clause "[u]nless otherwise specifically prescribed by law." In our view, current § 893.40 specifically prescribes an alternative to the time "the cause of action accrues," namely, the date "the judgment . . . is entered," and that specific statutory alternative makes § 893.04 inapplicable.

¶ 29.   Wisconsin Stat. § 893.40 is different from its predecessor, § 893.16(1) (1977), in another way. The new statute is a statute of repose. Statutes of repose operate differently from statutes of limitations. A statute of limitations usually establishes the time frame within which a claim must be initiated after a cause of action actually accrues. *Aicher v. Wis. Patients Comp. Fund,* 2000 WI 98, ¶ 26, 237 Wis. 2d 99, 613 N.W.2d 849. A statute of repose, by contrast, limits the time period within which an action may be brought based on the date of an act or omission. *Id.* A statute of repose does not relate to the accrual of a cause of action. In fact, it may cut off litigation *before* a cause of action arises. In this case, the "act" that triggers the statute of repose is the entry of the judgment.

¶ 30.   In short, § 893.40 is plain and unambiguous in its declaration that the statute of limitations begins to run upon the entry of judgment.

¶ 31.   The State refrains from arguing that the language of § 893.40 is ambiguous or that an action to

collect child support arrearages is not an "action upon a judgment." Instead, it asserts that a literal reading of § 893.40 will lead to absurd and unreasonable results, and it offers several suggestions on how to avoid them.

¶ 32.   One option is to have this court construe "entry" of judgment to include the expiration of the child support order when the youngest child reaches majority. The State reasons that a support judgment is not really "entered" until the court ordering child support loses revision jurisdiction under Wis. Stat. § 767.32. Only then do we see the finality typical of other types of judgments. However, this suggestion is a mere restatement of the *Halmu* rule in a manner amenable to § 893.40's replacement of accrual with entry of judgment as the event triggering the period of limitation.

¶ 33.   There are at least two reasons why construing "entry" of judgment to include the final total arrearage upon expiration of the support order would be problematic.

¶ 34.   First, the legislature is clear as to when a judgment of a court of record is entered. Wisconsin Stat. § 806.06(1) provides:

> Rendition, perfection and entry of judgment. (1)(a) A judgment is rendered by the court when it is signed by the judge or by the clerk at the judge's written direction.
>
> (b) *A judgment is entered when it is filed in the office of the clerk of court.*
>
> (c) A judgment is perfected by the taxation of costs and the insertion of the amount thereof in the judgment.
>
> (d) A judgment is granted when given orally in open court on the record.

Wis. Stat. § 806.06(1) (emphasis added).[10] The State's construction would require us to disregard or rewrite § 806.06(1)(b) to facilitate a rewriting of § 893.40.

¶ 35.   Second, deviation from the statutory definition of when a judgment is entered might impact other situations in which actions on judgments are pursued. We doubt that judgments directing periodic child support payments are the only judgments involving periodic payments, or the only judgments potentially affected by the proposed interpretation. In fact, many civil judgments are not completely "final" at the time they are entered. *See* Wis. Stat. § 806.07 (permitting a party to move for relief from a judgment or order).

¶ 36.   Another option suggested by the State is to define "judgment" as not including child support judgments or orders and to then blend the 20–year limitation period of § 893.40 with the accrual rule of § 893.04.[11] The State premises this suggestion on the reality that few judgments are of such a continuing nature as child support judgments. We agree that the type of judgment generating an ongoing child support obligation is not typical of the judgments to which § 893.40 applies. Nevertheless, Wisconsin courts have held that an action to collect child support arrears is an action upon a judgment. *See Kroeger,* 120 Wis. 2d at 52; *see also Miller,* 17 B.R. at 719; *cf. Schafer v. Wegner,* 78 Wis. 2d 127, 131–32, 254 N.W.2d 193 (1977) (holding that an action to recover household furniture awarded

---

[10] Similarly, an order of a circuit court is entered when it is filed in the office of the clerk of court. Wis. Stat. § 807.11(2).

[11] As noted in ¶ 28, Wis. Stat. § 893.04 provides: "Unless otherwise specifically prescribed by law, a period of limitation within which an action may be commenced is *computed from the time that the cause of action accrues* until the action is commenced." Wis. Stat. § 893.04 (emphasis added).

to former wife under a divorce judgment falls under the 20–year limitation on judgments); *Zellmer v. Sharlein,* 1 Wis. 2d 46, 52, 82 N.W.2d 891 (1957) (holding that an action to enforce a life insurance provision that was part of a divorce judgment involves the 20–year limitation on judgments).

¶ 37.   In truth, the State's suggestions are nothing but creative efforts to resurrect the law that existed for actions on child support judgments prior to enactment of § 893.40. However desirable this might be as a matter of public policy, it is simply not the outcome engineered by the legislature in its 1980 revisions of Chapter 893. Wisconsin Stat. § 893.40 clearly and unambiguously specifies that the date when a cause of action to collect past-due child support payments begins to run is the date when a judgment ordering such payments is entered.

¶ 38.   Our goal in statutory interpretation is to determine and give effect to the intent of the legislature. *Patients Comp. Fund v. Lutheran Hosp.-La Crosse,* 223 Wis. 2d 439, 455–56, 588 N.W.2d 35 (1999). Our first resort is to the plain language of the statute. *Jungbluth v. Hometown, Inc.,* 201 Wis. 2d 320, 327, 548 N.W.2d 519 (1996). If the language is plain and unambiguous, we normally apply it without further inquiry into extrinsic interpretation aids. *State v. T.J. Int'l, Inc.,* 2001 WI 76, ¶ 20, 244 Wis. 2d 481, 628 N.W.2d 774 (citing *UFE Inc. v. LIRC,* 201 Wis. 2d 274, 281, 548 N.W.2d 57 (1996)). If we go beyond unambiguous text and inquire into legislative history, our investigation should serve the purpose of showing how the legislative history supports our interpretation of a statute that is clear on its face. *Seider v. O'Connell,* 2000 WI 76, ¶ 52,

236 Wis. 2d 211, 612 N.W.2d 659. The court should not search for ambiguity. It should enforce a clear statute.

¶ 39.   One of the few exceptions to this sound principle is that the court will seek to avoid a truly absurd or unreasonable result. *See State v. Burkman,* 96 Wis. 2d 630, 642, 292 N.W.2d 641 (1980); *State v. Mendoza,* 96 Wis. 2d 106, 115, 291 N.W.2d 478 (1980); *Kayden Indus., Inc. v. Murphy,* 34 Wis. 2d 718, 732, 150 N.W.2d 447 (1967).

¶ 40.   Here, the State contends that its proffered alternatives must be embraced to avoid the purportedly unreasonable and absurd results of strictly applying § 893.40 in the context of child support judgments.[12] These unreasonable results are asserted to be (1) the inequality of treatment among beneficiaries of child support orders, stemming from widely different time limits depending on when a couple divorces in relation to the ages of the children and whether an amended judgment is entered; (2) the difficulty imposed on the

---

[12] The State points to *Alberte v. Anew Health Care Services, Inc.,* 2000 WI 7, ¶ 10, 232 Wis. 2d 587, 605 N.W.2d 515, and cases cited therein, to support its proposition that the plain meaning maxim of statutory construction can be overcome in this case. In *Alberte,* we held that that Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e(17) (1994), and the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213 (1994), did not subject employers' agents to personal liability for their discriminatory acts. *Id.,* ¶ 11. We reached this conclusion by reasoning that Congress did not intend to hold agents personally liable under the statutes, because to do so would be inconsistent with the entire remedial scheme of Title VII and the ADA and would produce unreasonable results. *Id.,* ¶¶ 1, 11. Straightforward interpretation and application of Wis. Stat. § 893.40 does not "thwart the obvious purpose of the statute," as was found in *Alberte. Id.,* ¶ 10.

State and others in collecting child support from hard-to-find parents; (3) the unfairness that results from extinguishing the collection rights of those who have relied upon prior published decisions; and (4) contravention of the vital public policy of requiring parents to support their children.

¶ 41. As examples of the inequality and unfairness flowing from a literal interpretation of the statute, the State provides the following hypotheticals: Couple A divorces when their youngest child is one year old, but the obligated parent makes support payments for the child until the child is 16. Couple B divorces when their child is 16, and the obligated parent never pays the child support that is ordered. The effect of applying § 893.40 as written is that the limitations period for collection against a delinquent parent in the Couple A context is effectively 5 years, while the collection period in the Couple B context is 20 years.

¶ 42. The inconsistent results in these hypotheticals are merely the consequence of modifying a statute of limitations in the manner the legislature did when it created the present § 893.40. Limitation periods for causes of action are legislative pronouncements of policy barring actions for various policy reasons regardless of the merit of the action. *See Sopha v. Owens-Corning Fiberglas Corp.,* 230 Wis. 2d 212, 240, 601 N.W.2d 627 (1999) (citing *State v. Chrysler Outboard Corp.,* 219 Wis. 2d 130, 580 N.W.2d 203 (1998)).[13] In § 893.40, the legislature is not silent on the issue of when the limitations period commences for actions on

[13] *See also Colby v. Columbia County,* 202 Wis. 2d 342, 350, 550 N.W.2d 124 (1996) (quoting *William B. Tanner Co. v. Estate of Fessler,* 100 Wis. 2d 437, 448, 302 N.W.2d 414 (1981)); *Ortman*

judgments; it is quite explicit as to when suits must be brought in order not to be time-barred. While the time in which to bring actions to collect arrearages is shorter and more variable under § 893.40 than under prior §§ 893.14 and 893.16(1) (1977), it is not so absurdly short and variable as to compel going beyond the plain language of the statute. We see no instance in which the time to bring an independent collection action *after a child reaches majority* will be less than one year.[14] At any earlier time, a parent may bring an enforcement action when the obligated parent fails to make timely payment. *See* Wis. Stat. § 767.30(3).[15]

---

*v. Jensen & Johnson, Inc.*, 66 Wis. 2d 508, 522, 225 N.W.2d 635 (1975) ("periods of limitation are subject to a relatively large degree of legislative control").

[14] There would only be a year in the rare circumstance where the sole judgment or order demanding support occurs on the date of the child's birth and the child is in a program pursuing a high school diploma (or its equivalent) up until the date of his 19th birthday.

Wisconsin Stat. § 767.25(4) (child support pursuant to a judgment of annulment, divorce or legal separation, or an order or a judgment in a paternity action) and Wis. Stat. § 767.51(3) (for paternity judgments) each limit child support payments to "child[ren] of the parties who is less than 18 years old, or any child of the parties who is less than 19 years old if the child is pursuing an accredited course of instruction leading to the acquisition of a high school diploma or its equivalent." *See generally Roberta Jo W. v. Leroy W.*, 218 Wis. 2d 225, 578 N.W.2d 185 (1998) (discussing the history and operation of these sections).

[15] Wisconsin Stat. § 767.30(3) provides:

> (3) If the party fails to pay a [child support] payment ordered under sub. (1) or to give security under sub. (2), the court may by any appropriate remedy enforce the judgment, or the order as if it

¶ 43. The facts of this case illustrate the ample time the State had to bring its action. Because Walter's missed support payments after July 1, 1980, were in violation of the November 1977 amended judgment, the State had more than 12 years from the time the youngest Hamilton child reached majority to commence a timely action. It had more than eight years after Elaine Hamilton passed away to commence an action. Even if there had not been any amended judgment and the original 1970 divorce judgment served as the trigger to the limitations period, the State would still have had a little more than five years to act after the youngest child reached majority.

¶ 44. Finally, the State argues that legislative intent, reflected in part by revisions to the Family Code in the 1977 Divorce Reform Act, has consistently been to expand judicial means of enforcing financial orders entered in divorce actions. *See Griffin,* 141 Wis. 2d at 704. The State asserts, therefore, that interpreting § 893.40 to shorten the limitations period for collecting support obligations in actions for money judgment is unreasonable. We disagree. While this result may be contrary to the trend in favor of collection rights and may reflect that the legislature did not contemplate

---

were a final judgment, including any past due payment and interest. Appropriate remedies include but are not limited to:

. . . .

(c) Money judgment for past due payments.

Wis. Stat. § 767.30(3).

child support judgments under § 893.40, it is not such an unreasonable outcome that it significantly subverts existing policy.[16]

¶ 45. Although a strict application of § 893.40 in the context of child support obligations runs counter to the desire previously expressed by the legislature and courts to ensure that parents do not shirk their duty of child support, this inconsistency does not rise to the level of absurdity or utter contravention of public policy. Without such an effect, this court is bound to apply the language of § 893.40 as plainly directed. *See UFE*, 201 Wis. 2d at 281–82. We exceed our authority when we ignore the clear language of a statute and attempt to surgically reconstruct the statute to accommodate alternative public policies. *See State v. Martin*, 162 Wis. 2d 883, 907, 470 N.W.2d 900 (1991); *State v.*

---

[16] The State correctly argues that there does not appear to be any legislative history to suggest that the legislature considered the uniqueness of child support judgments when it switched the beginning of the limitations period for an action upon a judgment from the moment of accrual to the entry of judgment. However, the State has not offered, nor have we independently found, any legislative history to suggest that child support judgments were to be treated differently.

The most pertinent statement of legislative intent comes from the 1979 Judicial Council Committee's Note on the revision of Chapter 893. It reads in part:

This section has been created to combine the provisions of repealed ss. 893.16(1) and 893.18(1). A substantive change from prior law results as the time period for an action upon a judgment of a court of record sitting without this state is increased from 10 years to 20 years *and runs from the time of entry of a judgment.*

Judicial Council Committee's Note, 1979, § 893.40, Stats. (emphasis added).

*Richards,* 123 Wis. 2d 1, 12, 365 N.W.2d 7 (1985). Consequently, we decline to adopt the State's creative interpretations.

¶ 46.   We also note that there are several aspects of the enforcement of child support obligations that mitigate any seemingly harsh result from applying § 893.40 in the context of child support judgments. First, it is no longer true that an independent action for money judgment seeking child support arrearages cannot be brought until the child reaches majority. *See* Wis. Stat. § 767.30(3). A party to whom child support is owed need not wait until the youngest child reaches majority before going to court to enforce collection.

¶ 47.   Second, contempt proceedings remain a viable option for persons aggrieved by a parent's refusal to pay child support. In *Griffin,* we explained that the contempt sanction remains available "after the child reaches majority, and so long as that obligation imposed by court order continues." *Griffin,* 141 Wis. 2d at 708. This is because a "parent's failure to pay child support after the child reaches majority is a continuing disobedience of a court order." *Id.*

¶ 48.   Finally, it is well established that laches is not a viable defense for actions to recoup child support arrearages. *Paterson v. Paterson,* 73 Wis. 2d 150, 155, 242 N.W.2d 907 (1976); *see also Douglas County Child Support Enforcement Unit v. Fisher,* 185 Wis. 2d 662, 669, 517 N.W.2d 700 (Ct. App. 1994). Therefore, parties with a valid interest in unpaid child support arrearages may utilize as much of the 20–year limitations period to bring an independent action as their circumstances permit.

¶ 49.   To the extent that this court's application of § 893.40 in the context of actions upon judgments

involving child support payments represents an unintended and undesired result, the legislature may rectify the situation in new legislation. *Cf. Richards,* 123 Wis. 2d at 11–13 (calling upon the legislature to address policy issues raised and to remedy questionable statutory framework). In the meantime, the State may not sleep on Walter's arrearages longer than Rip Van Winkle slept in the Catskill Mountains and still retain its right to go to court.

## IV. CONCLUSION

¶ 50. For the foregoing reasons, we hold that Wis. Stat. § 893.40 governs the time within which a party may bring an independent action to collect child support arrearages that have amassed after July 1, 1980. The clear language of this section requires that actions brought in Wisconsin courts on entered judgments, including child support judgments, be commenced within 20 years of when the judgments are entered (or when the judgments are amended and entered).

¶ 51. Applying these principles, the State had until November 9, 1997, to file an independent action to collect the child support arrearages. That was 20 years after the last amended judgment ordering Walter to pay child support was entered on November 9, 1977. Because the State did not initiate this action until May 2000, it is properly barred. Accordingly, we affirm the court of appeals' decision and remand the action for further proceedings consistent with this opinion.

*By the Court.*—The decision of the court of appeals is affirmed.