ANNETTE KINGSLAND ZIEGLER, J.
¶ 39. {concurring). I join the majority opinion because it does not conclude that a court has the equitable power to ignore a statute of repose and because it concludes that under the facts of this case Wis. Stat. § 893.40 does not apply because a qualified domestic relations order (QDRO) was not possible when this judgment was entered.[1] I *268 concur to urge the legislature to consider whether legislative change could provide greater certainty to courts, litigants, and parties who may depend on the enforceability of certain family court matters beyond 20 years.[2]
¶ 40. The legislature has set a 20-year statute of repose in Wis. Stat. § 893.40, and in the case at issue, the circuit court concluded, as Justice Prosser would, that § 893.40 barred enforcement. The majority opinion reverses the circuit court but has cabined its analysis to "the circumstances present in this case" and the "dis-positive fact" that the QDRO statute, Wis. Stat. § 40.08, "operated to prohibit pension interests from being assigned at the time the judgment was entered." Majority op., ¶¶ 3, 19-23, 26. I join that holding. I write to clarify the fact that the majority opinion leaves unanswered the question of whether or how Wis. Stat. § 893.40 may affect the enforcement of obligations which may necessarily extend beyond 20 years.[3] See *269 majority op., ¶¶ 3, 19-23, 26. Further proof that legislative action may provide greater clarity is evident by the thoughtful yet differing viewpoints and analyses of the circuit court decision in this case, the arguments of counsel, and our own majority, concurring, and dissenting opinions.[4]
¶ 41. Unlike Justice Bradley, I would not go beyond the majority opinion to conclude that a court may simply invoke its equitable powers to override the language in a statute of repose. If the equitable power of the circuit courts can so supersede the limits of a statute of repose, such as Wis. Stat. § 893.40, based *270 solely on the subjective determination of each judge who reviews such a question, then whether a court order is enforceable under the statute could be subject to an arbitrary determination of any one judge on any given day.[5] I cannot conclude that the rule of law supports such subjectivity. Apparently, the issue of when § 893.40 bars enforcement is subject to some debate.[6]
*271 ¶ 42. Courts, practitioners, and parties deserve greater certainty when it comes to important family law issues. It is the role of the legislature, not the courts, to enact statutes. Perhaps legislative change is not needed, but perhaps it is. I merely request that the legislature evaluate the issue presented.
¶ 43. For the foregoing reasons I concur.
¶ 44. I am authorized to state that Justices PATIENCE DRAKE ROGGENSACK and MICHAEL J. GABLEMAN join this concurrence.

 Justices Roggensack and Gableman join this concurrence because they also conclude that the majority opinion does not answer whether Wis. Stat. § 893.40 bars certain family court judgments that extend beyond 20 years, and it does not con- *268 elude that the circuit court has the equitable power to ignore a statute of repose. If, as Justice Bradley suggests, the majority opinion were to answer those questions, it would not have sufficient votes to constitute a majority opinion and would then be only a lead opinion. Therefore, Justice Bradley's concurrence incorrectly characterizes the conclusions reached in the majority opinion.

 The payment of retirement benefits, maintenance, or life insurance proceeds may be court ordered and thus necessarily extend beyond 20 years. While the majority somewhat addresses equitable estoppel, it does not state that equitable estoppel provides an enforcement mechanism. See majority op., ¶ 25.

 Justice Bradley's opinion incorrectly suggests that the majority has decided this issue. Instead, the majority's analysis is entirely dependent on the fact that a QDRO could not have transferred these assets at the time of the divorce judgment. The majority's conclusion does not hinge on the language of Wis. Stat. § 893.40. The majority holds that "[ujnder the cir *269 cumstances present in this case where a statute precludes a provision in a judgment, the statute of repose cannot begin to run as to that provision until the legislature changes the law such that the provision can be carried out." See majority op., ¶¶ 3, 26. Absent the unique facts of this particular case, the majority would be required to determine whether § 893.40 otherwise bars enforcement. In fact, that issue was presented by the parties, addressed by the circuit court, and is again presented in the concurrences and the dissent.

 Justice Bradley asserts that Justice Prosser's dissent supports her position, yet he concludes that the 20-year statute of repose is an absolute bar to this enforcement proceeding. Moreover, if Ashby v. Ashby, 174 Wis. 549, 183 N.W. 965 (1921), somehow unequivocally answers the question, then the majority decision would not need to undertake its extensive analysis. Instead, it could rely on that precedent and the equitable power of the circuit court. Ashby was decided well before Wis. Stat. § 893.40 was enacted, and arguably, Dewey v. Dewey, 188 Wis. 2d 271, 525 N.W.2d 85 (Ct. App. 1994), may call into question whether this is a continuing judgment. The dissent cites several cases in support of the proposition that circuit courts can equitably enforce certain family law judgments that may continue past 20 years. See dissent, ¶¶ 110-11. However, none of the plaintiffs in the cases cited by the dissent attempted to enforce a judgment more than 20 years after the entry of judgment, nor do any of the cases cite to or discuss the application of § 893.40.

 Judicial decisions made without definable standards are arbitrary decisions that are disfavored under the law. See Donaldson v. Bd. of Comm'rs of Rock-Koshkonong Lake Disk., 2004 WI 67, ¶¶ 91-102, 272 Wis. 2d 146, 680 N.W.2d 762. I am at a loss as to why Chief Justice Abrahamson's concurrence disparages my concern over avoiding arbitrary decision-making, which should not be confused with a court's duty to engage in discretionary decision-making, as somehow being disrespectful of circuit court judges. C.J. Abrahamson's concurrence, ¶ 29. To the contrary, having been a trial lawyer and a circuit court judge, I understand that courts, lawyers, and litigants would typically prefer greater certainty when analyzing jugular issues, such as when a statute of repose acts as a bar to enforcement. Unfortunately, this opinion is limited to its facts and does not answer that issue.

 Legislative response to a court decision is not unusual. Hamilton v. Hamilton, 2003 WI 50, 261 Wis. 2d 458, 661 N.W.2d 832, is instructive as to the interplay between court decisions and subsequent legislative response. After Hamilton, the legislature initiated statutory changes to address the child support issues raised therein. It is not uncommon for this court to ask the legislature to consider legislative action. See, e.g., State v. Brereton, 2013 WI 17, ¶ 54 n.16, 345 Wis. 2d 563, 826 N.W.2d 369; id., ¶¶ 98-99 (Abrahamson, C.J., dissenting); State v. Sveum, 2010 WI 92, ¶¶ 79, 84, 328 Wis. 2d 369, 787 N.W.2d 317 (Ziegler, J., concurring) (asking legislature to set parameters and standards of use for the installation and monitoring of GPS tracking devices); id., ¶ 77 (Crooks, J., concurring); id., ¶ 126 (Abrahamson, C.J., dissenting); State v. McClaren, 2009 WI 69, ¶¶ 77-79, 318 Wis. 2d 739, 767 N.W.2d 550 (Bradley, J., dissenting); State ex rel. J.H. Findorff & Son, Inc., v. Circuit Court for Milwaukee Cnty., 2000 WI 30, ¶ 24 n.14, 233 Wis. 2d 428, 608 N.W.2d 679.