**2020 WI App 40**

# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.:  2019AP1200

† Petition for Review filed

Complete Title of Case:

IN RE THE MARRIAGE OF:

KATHY SCHWAB, N/K/A SIECH,

PETITIONER-RESPONDENT,†

V.

PAUL SCHWAB,

RESPONDENT-APPELLANT.

| | |
|---|---|
| Opinion Filed: | May 5, 2020 |
| Submitted on Briefs: | March 4, 2020 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Brash, P.J., Blanchard and Dugan, JJ. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the respondent-appellant, the cause was submitted on the briefs of *Andrew J. Laufers* and *Laura Stack* of *Cordell Law LLP*, Milwaukee. |
| Respondent ATTORNEYS: | On behalf of the petitioner-respondent, the cause was submitted on the brief of *Carlton D. Stansbury* and *Colin A. Drayton* of *Burbach & Stansbury S.C.*, Milwaukee. |

**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**May 5, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2019AP1200**

Cir. Ct. No.  1991FA915107

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**

---

IN RE THE MARRIAGE OF:

KATHY SCHWAB, N/K/A SIECH,

   PETITIONER-RESPONDENT,

   V.

PAUL SCHWAB,

   RESPONDENT-APPELLANT.

---

APPEAL from an order of the circuit court for Milwaukee County: MICHAEL J. DWYER, Judge. *Reversed.*

Before Brash, P.J., Blanchard and Dugan, JJ.

¶1     BRASH, P.J.   Paul Schwab appeals an order of the trial court that permitted the enforcement of a provision in a marital property agreement with his former wife, Kathy Schwab (n/k/a Siech), included in their divorce judgment

entered in 1992. Siech filed a contempt motion seeking to enforce that particular provision—the division of Schwab's military pension—in 2017. Schwab argued that Siech's motion was barred by the time limits set forth in WIS. STAT. § 893.40 (2017-18),[1] which generally precludes "action upon a judgment or decree of a court" after twenty years.

¶2    However, the trial court found that because obligations under a marital property agreement often extend beyond twenty years, it had the equitable authority to carry out the order of the marital settlement agreement. Therefore, under those circumstances, it held that the contempt action brought by Siech was not time-barred, and allowed for the pension division provision to be enforced.

¶3    We disagree. We find no legal support for *not* applying WIS. STAT. § 893.40 to this—or any other—family law judgment, other than an exception specifically enacted by the legislature with regard to child and family support. *See* WIS. STAT. § 893.415. We therefore reverse.

## BACKGROUND

¶4    In February 1992, Siech and Schwab entered into a marital settlement agreement as part of their divorce proceedings. The agreement set forth the division of their property which included, as relevant to this appeal, Schwab's "non[-]vested pension from [the] Air National Guard[.]" According to the agreement, Schwab was to pay "one-half the present non[-]vested value to [Siech] when and if it is available to [Schwab]."

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

¶5    Schwab was thirty-nine years old at the time of the divorce.[2]  He retired from the Air National Guard in November 2008, after thirty-five years of service.  He began receiving his pension in February 2013, when he had reached sixty years of age.

¶6    Twenty-five years after the divorce, in December 2017, Siech initiated these proceedings with a motion to hold Schwab in contempt of court for failing to comply with the pension division provision of their marital settlement agreement.  In May 2017—prior to filing her motion—Siech had brought the matter to Schwab's attention, but they were unable to agree on the calculations for determining the division.

¶7    A court trial was held on the matter in December 2018.[3]  In an oral ruling issued in March 2019, the trial court, citing ***Johnson v. Masters***, 2013 WI 43, 347 Wis. 2d 238, 830 N.W.2d 647, concluded that based on the "unique" nature of family law judgments, the trial court has "equitable jurisdiction" which provides it with "the authority to carry out [its] orders and judgments into execution." Therefore, the court determined that Siech's contempt motion, which sought to "enforce an otherwise valid order of the court," was not barred by WIS. STAT. § 893.40.  As a result, the court permitted Siech's contempt motion to go forward, which ultimately allowed for the enforcement of the pension division provision of the marital settlement agreement.  This appeal follows.

---

[2] We note that the Findings of Fact and Conclusions of Law entered by the Honorable Patrick Madden listed Schwab's age as fifty-nine; however, it provided his birthdate—in February 1953—thus confirming that he was thirty-nine years old when the divorce became final in March 1992.

[3] A hearing on Siech's motion was held before the Honorable Michael J. Dwyer in September 2018, who ordered that the issues be briefed by the parties and scheduled the matter for a court trial.

**DISCUSSION**

¶8      On appeal, Schwab argues that the trial court erred in allowing Siech's contempt motion to circumvent the twenty-year time bar of WIS. STAT. § 893.40. Thus, at issue here is the trial court's interpretation of § 893.40, as well as its application of the statute to the undisputed facts of this case. Both of these are matters which we review *de novo*. *Westmas v. Creekside Tree Serv., Inc.*, 2018 WI 12, ¶17, 379 Wis. 2d 471, 907 N.W.2d 68.

¶9      WISCONSIN STAT. § 893.40 requires that "action upon a judgment or decree of a court of record … shall be commenced within 20 years after the judgment or decree is entered or be barred." The nature of the time constraints set forth in § 893.40 render it a statute of repose, in that it "limits the time period within which an action may be brought based on the date of an act or omission." *Hamilton v. Hamilton*, 2003 WI 50, ¶29, 261 Wis. 2d 458, 661 N.W.2d 832. "A statute of repose does not relate to the accrual of a cause of action. In fact, it may cut off litigation *before* a cause of action arises." *Id.* Section 893.40 contains two exceptions to its twenty-year time frame: for deficiency judgments in mortgage foreclosures, as set forth in WIS. STAT. § 846.04(2) and (3); and, with regard to family law judgments, for actions relating to child or family support, *see* WIS. STAT. § 893.415.

¶10      Based on the language of WIS. STAT. § 893.40, Schwab contends that Siech's contempt motion was not timely filed. Schwab argues that the entry of the judgment of divorce in 1992 was the act that triggered the start of the twenty-year time frame, and Siech can no longer seek to have the provision enforced. Siech, on the other hand, testified—credibly, according to the trial court—that she had

presumed that there was nothing to be done regarding the pension division until Schwab retired.

¶11     These circumstances demonstrate a common problem with applying the statute of repose to family law judgments:  "[i]n family law matters especially, courts often encounter provisions in orders that create continuing obligations that may very well extend beyond 20 years, such as support, maintenance, *property transfers*, agreements for the sale of property, and educational expenses payments." *Johnson*, 347 Wis. 2d 238, ¶22 (emphasis added).  Indeed, our supreme court faced just such an issue in *Johnson*.

¶12     In a factual scenario similar to the instant case, the issue in *Johnson* was whether a contempt motion seeking to enforce a pension division provision of a divorce judgment, filed more than twenty years after the divorce judgment, was barred by WIS. STAT. § 893.40.  *Johnson*, 347 Wis. 2d 238, ¶1.  That judgment specifically called for a qualified domestic relations order (QDRO) to be filed with the Wisconsin Retirement System (WRS), from which Johnson's former husband, Masters, was to eventually receive a pension.  *Id.*

¶13     Their divorce judgment was entered in 1989.  *Id.*  Johnson found out in March 2010 that Masters had retired.  *Id.*, ¶8.  She then attempted to file a QDRO with WRS, but was informed that it required Masters' authorization to disclose the pension value information.  *Id.*, ¶¶8-9.  Masters refused, so Johnson filed a contempt motion in September 2010 seeking to enforce the pension division provision.  *Id.*, ¶9.  Masters then filed a motion to dismiss on the grounds that Johnson's motion was barred by the statute of repose.  *Id.*, ¶10.  The trial court granted his motion to dismiss, but "expressed its belief that the result was inequitable:  'I frankly hope I

am wrong [if the case is appealed] because I do believe my decision is a harsh result.'" *Id.*, ¶11 & n.8 (brackets in *Johnson*).

¶14 Upon certification from this court, our supreme court reversed the decision of the trial court, but did so on a ground that was fact-specific to this case: at the time of their divorce, the WRS was not authorized—pursuant to state law—to accept a QDRO. *Id.*, ¶2. This law changed in May 1998. *Id.* Therefore, the court found that because the QDRO could not have been filed until 1998, that was the date from which the twenty-year time frame was triggered. *Id.*, ¶3. As a result, it ruled that Johnson's motion was not time-barred by WIS. STAT. § 893.40. *Johnson*, 347 Wis. 2d 238, ¶3.

¶15 In its discussion of the issue, the *Johnson* court "recognize[d] the realities of family court judgments" and that it is a common occurrence to have "continuing obligations" arise out of family law judgments that extend beyond the twenty-year time frame of WIS. STAT. § 893.40. *Johnson*, 347 Wis. 2d 238, ¶¶2, 22. Additionally, it acknowledged that there is "some evidence that this court has made certain accommodations for the ongoing obligations that are common in that area." *Id.*, ¶2. The court further noted that "there might be other grounds as well for reaching the result we reach, founded on the unique characteristics of family law judgments." *Id.*, ¶22.

¶16 However, the court also observed that it had seen "no evidence for the argument that the legislature intended for family law judgments to be categorically exempted" from the application of WIS. STAT. § 893.40. *Johnson*, 347 Wis. 2d 238, ¶2. Moreover, the concurrences and dissent that accompany the decision indicate that a majority of justices did not agree that "accommodations" for family law

6

judgments are appropriate.[4]  In short, while the controlling opinion in **Johnson** noted the unique nature of family law matters, and the possibility of making exceptions to the time constraints of § 893.40 in cases where its application appears to produce inequitable results, under the only rationale joined by a majority of justices—and in the absence of legislative change—there is no legal basis for *not* applying the statute of repose to family law judgments.

---

[4]  As noted, the decision in **Johnson v. Masters**, 2013 WI 43, 347 Wis. 2d 238, 830 N.W.2d 647, resulted in several concurrences and a dissent.  The concurrence by Justice Ann Walsh Bradley, joined by then-Chief Justice Abrahamson, highlighted a statement in the majority opinion regarding the authority of trial courts in matters relating to family law judgments.  *See id.*, ¶31 (A.W. Bradley, J., concurring).  That statement suggested that whether the trial courts are "observing the obligation to construe statutes to avoid absurd results or exercising their equitable powers," they have the "'authority to do all acts and things necessary and proper in those actions and to carry their orders and judgments into execution as prescribed'" in WIS. STAT. ch. 767, Actions Affecting the Family.  **Johnson**, 347 Wis. 2d 238, ¶23 (quoting § 767.01).

However, in the concurrence by Justice Ziegler, joined by (now Chief) Justice Roggensack and former Justice Gableman, in which they agreed with the outcome and the reasoning utilized in reaching that conclusion, *see id.*, ¶40, (Ziegler, J., concurring), it was noted that "the majority opinion does not answer whether WIS. STAT. § 893.40 bars certain family court judgments that extend beyond 20 years, and it does not conclude that the [trial] court has the equitable power to ignore a statute of repose."  **Johnson**, 347 Wis. 2d 238, ¶39 n.1 (Ziegler, J., concurring).  In fact, Justice Ziegler's concurrence points out that "[i]f, as Justice Bradley suggests [in her concurrence], the majority opinion were to answer those questions, it would not have sufficient votes to constitute a majority opinion and would then be only a lead opinion."  *Id.*  Justice Ziegler's concurrence also "urge[d] the legislature to consider whether legislative change could provide greater certainty to courts, litigants, and parties who may depend on the enforceability of certain family court matters beyond 20 years."  *Id.*, ¶39.

Justice Prosser dissented, concluding that there was no "reasonable basis" for not applying WIS. STAT. § 893.40 in **Johnson**.  *Id.*, 347 Wis. 2d 238, ¶48 (Prosser, J., dissenting).  He explained that some judgments "*require* some additional step or steps to secure a right.  Filing a QDRO protects the rights of the 'alternate payee' with respect to both public and private retirement benefits."  *Id.*, ¶109.  That was the case here, where "Johnson's interest in a portion of Masters' pension was *always* contingent upon her taking steps to secure and enforce her rights" but she "did not do so until more than 20 years after the divorce judgment."  *Id.*, ¶64.  Justice Prosser further noted that "[e]nforcing a properly filed QDRO is not barred by WIS. STAT. § 893.40."  **Johnson**, 347 Wis. 2d 238, ¶109 (Prosser, J., dissenting).

In sum, then, while the controlling opinion in **Johnson**, at ¶¶20-22, appeared to leave open the door for trial courts to exercise discretion in applying the statute of repose in family law cases, particularly when application might appear unfair or absurd, four justices expressed opinions that such discretion is not permitted under WIS. STAT. § 893.40.

¶17    With that requirement in mind, the "'act' that triggers the statute of repose" in a divorce proceeding is "the entry of the judgment." *Hamilton*, 261 Wis. 2d 458, ¶29.  We acknowledge that in the instant case, the specific language of the provision mandated that Schwab was to pay to Siech half the value of his military pension—calculated as of the time of their divorce—"*when and if*" it became available to Schwab.  (Emphasis added.)  This qualification was presumably included not to establish that Siech could demand half the pension at any time in the future regardless of the statute of repose, but because at the time of their divorce, Schwab was only thirty-nine years old and had not yet retired from the Air National Guard.  As previously explained, Schwab retired from the Guard approximately sixteen years after their divorce—in 2008, after thirty-five years of service—and was not eligible to begin receiving his pension until he reached sixty years of age in 2013.

¶18    Although Siech suggests that these dates could potentially be deemed to be the triggering date for the twenty-year time frame of WIS. STAT. § 893.40, rather than the divorce judgment, she provides no legal support for this proposition.  "[W]e will not abandon our neutrality to develop arguments[.]" *See Industrial Risk Insurers v. American Eng'g Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82.

¶19    This leads us to the conclusion that the trial court's decision in the instant case contradicts the current state of the law.  The trial court held that WIS. STAT. § 893.40 did not apply based on the unique nature of family law judgments, and that the court had the equitable authority to carry out those judgments.  However, the statute as written contains only the two exceptions described above; it provides for no other exceptions, for either family law judgments or any other categories of judgments.  "[W]hen the legislature enacts a statute, it is presumed to

8

do so with full knowledge of the existing law." ***Peters v. Menard, Inc.***, 224 Wis. 2d 174, 187, 589 N.W.2d 395 (1999).

¶20 Furthermore, the language used in WIS. STAT. § 893.40—"action upon a judgment … *shall* be commenced within 20 years after the judgment or decree is entered or be barred"—indicates that this is a mandatory action. *See* ***id.*** (emphasis added); *see also* ***State v. Hemp***, 2014 WI 129, ¶27, 359 Wis. 2d 320, 856 N.W.2d 811 (discussing that the term "may" is permissive, but the term "'shall' is presumed to indicate mandatory action" (citation omitted)).

¶21 "[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." ***State ex rel. Kalal v. Circuit Court for Dane Cty.***, 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110. Moreover,

> [i]t is, of course, a solemn obligation of the judiciary to faithfully give effect to the laws enacted by the legislature …. Judicial deference to the policy choices enacted into law by the legislature requires that statutory interpretation focus primarily on the language of the statute. We assume that the legislature's intent is expressed in the statutory language. Extrinsic evidence of legislative intent may become relevant to statutory interpretation in some circumstances, but is not the primary focus of inquiry. It is the enacted law, not the unenacted intent, that is binding on the public.

***Id.***

¶22 Here, the trial court acknowledged that it was "stretching to overcome the statute of [repose]" with its ruling. We are sympathetic to the desire of the court to try to reach an equitable result. However, the language of WIS. STAT. § 893.40 does not allow for the discretion utilized by the trial court in reaching its decision.

And, despite the call for legislative review from some of the justices in *Johnson*, there have been no pertinent legislative changes to § 893.40.

¶23 Therefore, we reverse the order of the trial court, and hold that Siech's contempt motion is barred by the twenty-year time constraint set forth in WIS. STAT. § 893.40.

*By the Court.*—Order reversed.